

Kinkade, Robinson, Day and Allen, JJ., concur. Matthias, J., concurs in the judgment of reversal.

KAIFER et v OHIO LEATHER CO et
BEECHER et v OHIO LEATHER CO et

Ohio Supreme Court
Nos 22135 & 36. Decided June 18, 1930

Opinion by ROBINSON, J.

### CORPORATIONS-Actions (10 L)

Where the affairs of a corporation have reached such a financial status that it has been unable for a period of years to pay dividends upon its preferred stock, and more than two-thirds of its stockholders of all kinds have voted for a plan of re-organization, which involves the surrender of all outstanding stock, including preferred, and the exchange thereof for re-organization stock at a reduced relative value, or, if at the same relative value, upon the payment of an additional consideration therefor, and all stockholders have been offered an opportunity to participate in such re-organization upon the same terms, having regard for the relative value of the stock, and a re-organization has thereby been accomplished and sufficient new capital has thereby been realized for the corporation to enable it to evolve from an insolvent, non-dividend-paying concern to a solvent, going, dividend-paying coroporation, and certain holders of pre-re-organization preferred stock, with full notice at the time of the re-organization of the financial condition of the corporation and of the plan of re-organization, have declined to either exchange their stock for re-organization stock of less par value or to pay an additional consideration in exchange for re-organization stock of the same par value, and have taken no action to prevent such re-organization becoming effective and have remained quiescent until large sums of money have been paid into the corporation by purchasers of re-organization stock, and until the corporation, after a period of years, by reason of the new capital obtained by the re-organization, has become rehabilitated and has become able not only to pay dividends upon all its stock but also to retire a considerable portion of its preferred stock; and such holders of pre-re-organization preferred stock then bring an action in equity to have the priority of their preferred stock declared:

(160 S2b) HELD: The doctrine of laches will apply to prevent such pre-re-organization stockholders from securing to themselves the earnings from the money contributed by the re-organization stockholders, to the detriment of such re-organization stocksolders, where no reason appears for the failure to institute the action at a time when to afford relief sought would have done no wrong to such re-organization stockholders.

Kinkade, Jones, Matthias, Day and Allen, JJ., concur.

ROYAL INDEMNITY CO v BECKER et

Ohio Supreme Court
No 22044. Decided June 18, 1930

Marshall, CJ., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.

STATE v SHIMMAN et
IN RE EXCEPTIONS etc

Ohio Supreme Court
No 22187. Decided June 18, 1930

Robinson, Matthias and Allen, JJ., concur. Marshall, CJ., Kinkade and Day, JJ., dissent.

## STATE ex WHARTENBY v PERRY COUNTY BOARD OF EDUCATION

Ohio Supreme Court
No 22285. Decided June 11, 1930

Kinkade, Robinson, Jones, Matthias, Day. and Allen, JJ., concur.

## CISKI et v WENTWORTH et

Ohio Supreme Court
No 22172. Decided June 11, 1930

Marshall, CJ., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.

## DUNN v STATE

Ohio Supreme Court
No 22242. Decided June 11, 1930

Marshall, CJ., Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.

## STATE ex JACKSON v FAYETTE COUNTY COMMISSIONERS

Ohio Supreme Court
No 22270. Decided June 11, 1930

Marshall, CJ., Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.