Jones, J.
 

 Since the casualty company paid the major part of the judgment rendered against its own assured and the assured of the indemnity company jointly, it invokes the equitable doctrine of contribution ordinarily applicable to co-sureties. It seeks to recover from the indemnity company, by way of contribution, the latter’s proportionate share of the amount paid by the casualty company to fully satisfy the judgment. Before the casualty company can invoke the doctrine of contribution it must show that both it and the indemnity company entered into a co-surety relationship whereby each agreed to indemnify the same or common principal in respect to the same debt or obligation. Where several distinct surety companies became bound to the same principal by separate instruments, yet, if each limited its pecuniary liability in the event of default of such principal, the suretyship of each became separate and distinct transactions, and the relationship of co-suretyship would not arise; nor would the right of contribution exist.
 
 Assets Realization Co.
 
 v.
 
 American Bonding Co. of Baltimore,
 
 88 Ohio St., 216, 102 N. E., 719, Ann. Cas. 1915A, 1194. In the course of the opinion the judge cites
 
 Hartwell
 
 v.
 
 Smith,
 
 15 Ohio St., 200, 203, which announces the following principle: “Whenever several sureties stand in the relation to each other of co-sureties, by being bound for the same person, and for the same debt or engagement, so that they have a common interest, or a common burden to bear, if one of them be compelled to bear the whole or a part of the burden alone, he may call upon Ms co-sureties to equalize the burden by contribution.” In the course of the opinion in the
 
 Bonding Co. case
 
 the rule is stated thus: “It seems then that the test of co-surety-ship is, as stated by counsel, common liability upon
 
 *395
 
 the same obligation. * * * It is an equity which springs up at the time the relation of co-sureties is entered into and ripens into a cause of action when one surety pays more than his portion of the debt.”
 

 Applying the doctrine to the instant case, it is manifest that the constituent elements creating the relationship of co-suretyship are absent in the case at bar. The several sureties were not bound to the same person; nor for a common principal; nor for the same debt or obligation when the claimed relationship of co-sureties was entered into. In the
 
 American Bonding Co. case, supra,
 
 each of the sureties limited its liability in money payable to the obligee in an amount proportionate to the total loss sustained. In the instant case, each company, by its indemnity insurance policy expressly limited its liability to its own assured only by agreeing to indemnify it against liability for wrongful death caused by the operation of its own motor vehicles. Neither agreed to assume liability for negligent operation of the vehicles of the other. If the contention of counsel for plaintiff in error be sustained, it would result in the insurance against negligence of any and all tort-feasors occasioning the accident and would so enlarge the civil liability of the indemnity company as to indemnify tort-feasors who were strangers to its surety contract. It would increase the scope of liability beyond that which its bond was intended to cover. It is manifest, therefore, that the doctrine of contribution between co-sureties cannot be applied unless the following legal contention advanced by counsel for plaintiff in error is sound. They argue that, while there may have been no co-surety relationship prior to the rendition of the joint judgment against the separate tort-feasors, since a joint judgment was thereafter actually rendered against both, the separate sureties thereby became indemnitors for the same principal (the plaintiff) and for the same civil debt or liability, viz., for the total
 
 *396
 
 amount of the joint judgment rendered in the federal court against both tort-feasors; that the amount of the judgment became collectible against both under the provisions of Sections 9510-3 and 9510-4, General Code. They therefore argue that both indemnitors, though they may not have been co-sureties originally, became co-sureties for the same debt or obligation by virtue of said sections. This argument rests upon a legal fallacy deduced from an unwarranted construction of the statute. The co-surety relationship “is an equity which springs up at the time the relation of co-sureties is entered into”, and which arises from a transaction contemplated in the indemnifying contracts where they were made.
 

 Neither the joint judgment recovered against the separate tort-feasors nor the sections of the statute alluded to create any co-suretyship relation between the separate sureties; under no construction of the statute can such purpose be implied. The statute seeks only to safeguard the judgment creditor by applying the insurance money provided in the insurance contract between the insurance company and its particular indemnitee to the satisfaction of the judgment. Had the statute attempted to apportion liability between two or more indemnitors of tort-feasors by providing for contribution in case of a joint judgment against their indemnitees, there would have been some provision in the statute to that effect. This the statute does not do. It deals with the indemnifying insurance companies separately and not jointly. Each is made responsible for the payment of the judgment.
 

 Had there been a common obligation between two sureties, though evidenced by separate policy contracts, whereby each assumed to indemnify the same or a common principal for the same liability or obligation, contribution from one after payment by the other might be urged with some degree of plausibility; but we have no such case presented here.
 

 
 *397
 
 This case might well be disposed of under authority of the rule announced in
 
 Royal Indemnity Co.
 
 v.
 
 Becker,
 
 122 Ohio St., 582, 173 N. E., 194, 75 A. L. R., 1481. It was there held that there was no right of contribution between two joint tort-feasors whose concurrent negligence made them liable in damages. It also sustained the following principle, to wit: that had one of the tort-feasors paid the judgment it would have no right of contribution from its joint tort-feasor; that an indemnitor who had satisfied a joint judgment against its indemnitee and another, having no greater right than its indemnitee, could not enforce contribution from a co-defendant of such indemnitee. And certainly if contribution is not enforcible against a co-defendant, it is unenforcible against the co-defendant’s indemnitor. .For the reasons herein stated, the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 "Weygandt, C. J., Stephenson, Matthias, Day and Zimmerman, JJ., concur.