The Village of Massapequa Park, Plaintiff, v. Massapequa Park Villa Sites, Inc., Defendant.

Supreme Court, Special Term, Queens County, August 27, 1937.

*James N. McLean*, for the plaintiff.

*Edwards, Levy, Fishel & George*, for the defendant.

Hallinan, J. In an action to recover from the defendant personally the amount of unpaid taxes assessed against its real property, the defendant moves to dismiss the amended complaint upon the ground that it is insufficient as a matter of law because it appears upon the face thereof that the defendant is a domestic corporation having its principal office in the county of New York and that the real property owned by it, upon which the tax was assessed, is situated in the plaintiff village in the county of Nassau.

The question to be decided, therefore, is whether, under section 126 of the Village Law, an owner of a parcel of real estate upon which the village has assessed a tax, is personally liable therefor, although he is a non-resident of the village but a resident of the State.

Section 126 of the Village Law reads as follows: " Actions to recover unpaid taxes. After the lapse of thirty days from the return of the treasurer, clerk or receiver of taxes and assessments, an action may be maintained, as upon contract, by the village, to recover the amount of an unpaid tax, together with five per centum

thereof for the first month after the levy, and an additional one per centum for each month and fraction thereof thereafter until paid. A warrant of attachment against the property of the defendant may be granted upon the application of the plaintiff as provided by and under articles fifty-four to fifty-nine, inclusive, of the Civil Practice Act, regardless of the amount of such tax."

A complaint seeking recovery under this section was sustained by the Court of Appeals in the case of *Village of Lynbrook* v. *Otto* (266 N. Y. 308). In that case, however, the question as to the personal liability of a non-resident of the village was not raised, and hence that case is not decisive on this question.

It is urged by the defendant that the personal liability for unpaid taxes imposed by this section is expressly limited to residents of the tax district in which the real property is situated and assessed, by section 71 of the Tax Law, which reads in part as follows: " If the owner of a parcel or portion of real property is a resident of the tax district in which such parcel or portion of real property is assessed, and his name is correctly entered on the assessment-roll, he shall be personally liable for the tax assessed against such parcel or portion of real property."

Neither section 126 of the Village Law nor the decision in *Village of Lynbrook* v. *Otto* (*supra*) restricts or limits the personal liability there imposed to owners residing in the village. To be sure, an owner residing outside the State is not personally liable for such tax. (*City of New York* v. *McLean*, 170 N. Y. 374, at pp. 387, 388.) But unless section 71 of the Tax Law is applicable to the personal liability imposed for unpaid village taxes, an action therefor may be maintained by a village against an owner, resident of the State, although non-resident of the village, since that section restricts personal liability to a resident of the tax district, and section 126 of the Village Law does not.

However, by the express language of the Tax Law, article 4 thereof, of which section 71 is a part, *is applicable to towns and cities only,* for section 95 reads as follows: " Article. How applicable. This article shall apply to all the cities or towns of the State, in so far as the matters herein provided for do not. conflict with the special and local laws of such cities or towns."

I am of opinion, therefore, that article 4 of the Tax Law is inapplicable to the collection of village taxes. Moreover, the Village Law itself contains a complete system for the collection of taxes in article 5 thereof, of which section 126 is a part. The fact that there is in that section a provision that " supplementary proceedings may also be taken for such tax in accordance with the provisions of the Tax Law, regardless of the amount of such judgment," does not

alter my view, since section 299 of the Tax Law, to which reference is thus made, specifically makes no distinction with respect to supplementary proceedings to collect unpaid taxes, as to a county, town or village.

The fact that the remedy of supplementary proceedings is available to a village, as well as other tax subdivisions, does not make provisions intended for the other subdivisions alone, applicable to the village. Had the Legislature intended restrictions applicable to other tax subdivisions to apply to the collection of village taxes, the Village Law would have so stated. It is not for the courts to supply such restrictions. The Legislature did not do so when this section was from time to time amended.

While it is true that under section 104 of the Village Law the assessment roll must be made up in the same manner as a town assessment roll and the village is permitted even to adopt the assessment roll of the town in which it is located, the restriction limiting personal liability to a resident of a town, provided for in section 71 of the Tax Law, cannot by a parity of reasoning be applied to the village. The preparation of the village assessment roll in the same manner and form as the town assessment roll does not enlarge upon or restrict the broad authority to sue found in section 126 of the Village Law.

It appears upon the face of the amended complaint that this action was brought to recover for unpaid taxes for the years 1932 to 1936, inclusive. However, the defendant is alleged to have been the owner of the property upon which the said taxes were assessed for the years 1935 and 1936 only. With reference, therefore, to the years 1935 and 1936 the amended complaint is legally sufficient. With reference, however, to the years in which it is not alleged that the defendant owned the property upon which the taxes were assessed, the amended complaint is insufficient, because the action lies to recover a personal judgment for the amount of unpaid taxes assessed against the real property owned by the defendant. It does not appear upon the face of the amended complaint that the defendant owned the property at the time when the 1932, 1933 and 1934 taxes were levied. .

The motion is, therefore, denied as to the 1935 and 1936 levy of taxes and granted as to the 1932, 1933 and 1934 levy. Leave, however, is granted to the plaintiff to serve an amended complaint within five days of the service of the order to be entered hereon, upon the attorney, upon the payment of ten dollars costs.