ANNA TEDLA and JOSEPH TEDLA, Respondents, v. JOSEPH ELLMAN and ISIDORE HELLMAN, Appellants. MARY BACHEK, as Administratrix, etc., of JOHN BACHEK, Deceased, Respondent, v. JOSEPH ELLMAN and ISIDORE HELLMAN, Appellants.— Consolidated actions. One action was brought by Mary Bachek, as administratrix, to recover damages for the death of her intestate as the result of injuries received when struck by an automobile as he was trundling a baby carriage, filled with wood and junk, on a public highway. The other action was brought by Anna Tedla to recover damages for personal injuries received in the same accident and while she was pushing a baby carriage similarly loaded, and by her husband to recover for medical expenses and loss of services. Judgments in favor of plaintiffs and orders denying motion to set aside the verdicts unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.

THE VILLAGE OF MASSAPEQUA PARK, Respondent, v. MASSAPEQUA PARK VILLA SITES, INC., Appellant.— In an action by the plaintiff village to recover unpaid taxes, the defendant corporation, owner of real property situated in the village, moved to dismiss the amended complaint as insufficient in law on the ground that defendant is not a resident of the village, being a domestic corporation with its principal office in New York county. The motion was denied in part. Order, in so far as appealed from, affirmed, with ten dollars costs and disbursements. The defendant may serve an answer within ten days from the date of service of a copy of the order hereon, together with notice of entry. No opinion. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur. [164 Misc. 172.]

WESTCHESTER LIGHTING COMPANY, Respondent, v. WESTCHESTER COUNTY SMALL ESTATES CORPORATION, Appellant.— Action for indemnity. Plaintiff paid a judgment obtained against it by the administratrix of the goods, etc., of an employee of defendant. Plaintiff seeks in this action to recover from the employer the damages thus sustained, on the theory that defendant was the active wrongdoer in causing the employee's death and that plaintiff was merely passively negligent. Defendant claims the action is barred by the Workmen's Compensation Law, which fixes the employer's exclusive liability to his employee or the employee's representatives. Order denying defendant's motion to compel plaintiff to reply to the partial defense and granting plaintiff's cross-motion to strike out the said partial defense as insufficient in law, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.