**BANKERS INDEMNITY INSURANCE CO., Plaintiff-Appellant v. CLEVELAND HARDWARE & FORGING CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19874.   Decided February 26, 1945.

Payer, Bleiweiss and Mollison, Cleveland, for plaintiff-appellant.

T. J. Duffy and Charles Sanford, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, P. J.

This cause comes to this court on questions of law. The plaintiff brought this action in the Common Pleas Court seeking judgment against the defendant in the sum of $9933.70. The facts which are the foundation of plaintiff's claim are as follows:

The plaintiff issued a policy of insurance indemnifying The Burdett Oxygen Company against loss because of injuries sustained by any one other than an employee through its negligence in the conduct of its business. The Cleveland Hardware & Forging Company, defendant herein, required the use of nitrogen gas as a part of one of its manufacturing processes in its die casting department. Just prior to the accident hereinafter described, The Cleveland Hardware & Forging Company claimed to have ordered from The Burdett Oxygen Company two tanks of nitrogen gas. The Burdett Oxygen Company claims that oxygen was ordered. The Burdett Oxygen Company delivered oxygen gas and when it was put into use by the Cleveland Hardware & Forging Company's employees a severe explosion occurred and three of its employees were killed. The Cleveland Hardware & Forging Company was a subscriber to the State industrial employees insurance fund and the dependents of the three deceased employees were paid the full benefits provided by the Workmen's Compensation Laws in a total sum exceeding Twenty Thous-

and Dollars. Thereafter the dependents of the three deceased employees brought separate wrongful death actions against The Burdett Oxygen Company claiming that the said Company was negligent in delivering oxygen, a highly dangerous and explosive gas instead of nitrogen, and that as a proximate result of such negligence the said deceased employees came to their death.

The plaintiff herein was called upon, because of its insurance contract with The Burdett Oxygen Company to defend said actions. After investigating the cases it concluded that the negligence of this defendant was the primary cause of the death of its employees and that if there was any negligence on the part of The Burdett Oxygen Company it was secondary to that of this defendant. The plaintiff thereupon notified the defendant of its intention to hold it responsible to the full extent of the plaintiff's losses arising out of said wrongful death actions. The plaintiff then compromised said actions paying out on behalf of The Burdett Oxygen Company $9933.70 and upon being subrogated to the rights of The Burdett Oxygen Company instituted this cause seeking judgment against the defendant for the full amount which it was compelled to expend to settle the wrongful death cases.

Upon trial to the court, the right to a jury trial having been waived, the case was submitted to the court upon an agreed statement of facts which in substance set forth the facts as above stated, and further provided that the plaintiff could introduce further evidence to support its contentions. The court refused to hear further evidence and upon motion by the defendant entered judgment for the defendant on the ground that the defendant having complied with the Workmen's Compensation Act, was by the Constitution of the State of Ohio relieved of any further liability arising out of the injury or death of one of its employees, while at work and acting within the scope of his employment.

There are two questions presented for our consideration. The first question is, if it be admitted that both the Hardware Company and the Oxygen Company were liable to the next of kin of the deceased employees of the Hardware Company, then, as between the Hardware Company and the Oxygen Company is there any ground upon which it could be found that the Hardware Company was primarily liable and the Oxygen Company secondarily liable for such damages, so that if the Oxygen Company was compelled to pay such damages it would have a right to recover the damages thus paid from the Hardware Company?

The first cause of action of the petition of the plaintiff

does not allege facts which if established by the evidence, would give the Oxygen Company the right to judgment upon the theory that the Hardware Company was primarily liable and the Oxygen Company secondarily liable for the deaths of the Hardware Company's employees.

The basis of the claim of the plaintiffs in the wrongful death actions was that the defendant, The Burdett Oxygen Company negligently supplied oxygen gas in containers that failed to disclose the kind of gas contained therein, instead of nitrogen gas which the Cleveland Hardware & Forging Company claims to have ordered. If these facts were established and they were found to be a proximate cause of the deaths of The Cleveland Hardware & Forging Company's employees, The Burdett Oxygen Company would be liable to the full extent of the pecuniary loss sustained by the next of kin. And this would be true even though The Cleveland Hardware & Forging Company was also negligent in permitting its empolyees to use said gas and such negligence was also a direct and proximate cause of said deaths.

The rule to be applied under such circumstances is stated in 30 O. Jur., ¶46 of the chapter on "Parties" at page 769:

"* * * * * Stated broadly, the rule in Ohio is that if an injury is the result of neglect to perform a common duty resting on two or more persons, the injured party may at his election sue all of the parties owing the common duty, jointly, or sue each separately, although there may have been no concert of action between them."

Mineral City v Gilbow, 81 Oh St 263.

North Amherst Home Telephone Co. v Jackson, 4 C. C. (n. s.) 386.

Under these circumstances, if one of the tort feasors fully compensates the person injured such tort feasor can not recover from the other tort feasor on the basis that his negligence was more remote in point of time or was comparatively of less consequence in causing the accident. Once it is determined that a person was negligent and that such negligence was a proximate cause of the injury to another, the right of a recovery against him is complete and is independent of the active negligence of any other person that may assist in causing the same injury.

In the case of Wery v Seff, 136 Oh St 307, the fifth syllabus is as follows:

"5. When two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action."

In this case the negligence of father and son was involved. The father negligently put his automobile in the hands of his son, a minor of under sixteen years of age, in violation of a city ordinance, said son being an incompetent driver and the son while thus in charge of said motor vehicle, negligently injured the plaintiff. On page 312, the court says:

"In the present case no primary and secondary liability is involved. Under the averments of the petition, father and son are primarily liable, because the alleged injuries were attributed to their coexisting and combined negligence; the wrongful conduct of the one coupled with that of the other brought about the result complained of. Consequently, they are properly joinable in one action. **30 O. Jur. 769, Sec. 46.**
"Should the elder Seff pay the damages he could not recover against his son.
'There is no right of contribution between persons whose concurrent negligence has made them liable in damages.'
"**Royal Indemnity Co. v Becker, 122 Oh St 582, 173 N. E. 194, 75 A. L. R. 1481.** See also, **U. S. Casualty Co. v Indemnity Insurance Co. 129 Oh St 391, 397, 195 N. E. 850, 853.**"

The exception to be found to this rule is where a party by his affirmative act negligently injures another under circumstances that because of the responsibilities of a third party under the law, although such third party committed no affirmative act of negligence, such third party may also be held responsible for such injury. Under these circumstances the person who created the dangerous condition is said to be primarily liable and the other is secondarily liable. In the event the one secondarily liable is compelled to respond in damages to the injured party, he may recoup his loss from the one who actually created the danger. Such wrongdoers are not joint tort feasors and cannot be joined as defendants by the party injured in the same action.
The case of **Herron v City of Youngstown, 136 Oh St 190,** is a leading case on this question. The plaintiff was injured while walking over a trap door which was a part of the sidewalk covering a basement entrance to the abutting property. The steel door sagged under the weight of Herron when he

stepped upon it, causing the handle on the door to protrude upward above the surface of the door and the walk, so that his foot caught in the stirrup handle throwing him to the ground and fracturing his leg. The door was maintained by the property owner for his exclusive benefit. It was claimed that the door had been in a state of disrepair and in a dangerous condition for a number of years and although the City of Youngstown had nothing to do with its construction or maintenance, it had full notice of its defective condition.

The court held:

"When a city becomes liable in damages by reason of the sole negligence of an owner of abutting property on a public street in creating and maintaining for his own use and benefit a trapdoor in a sidewalk, the property owner is primarily liable and the city secondarily liable to the injured party, and if the city is obliged to respond in damages to the injured party, under its liability, it will be subrogated to the right of the injured party and may recover over its loss from the property owner, the one primarily liable."

"2. Where a liability arises against both a city and an owner of property abutting on a public street in favor of a party injured by the sole negligence of such property owner in creating and maintaining for his own use and benefit a trapdoor in a sidewalk, such injured party may sue either the property owner, primarily liable, or the city, secondarily liable, or both, in separate actions, as a judgment against one, until satisfied, is no bar to an action against the other, the injured party being entitled to satisfaction from either the city or property owner, or from both."

And at page 195, the court says:

"It is not important as to how the liability of the owner and the lessee to the plaintiff, if any, for the creation or maintenance of the nuisance which caused the injury to plaintiff, shall be shared or allocated between them; but it is important that the owner or lessees, singly or in combination, were the actual wrongdoers in the maintenance of this nuisance in the sidewalk. If it was wrongfully maintained, they become liable to plaintiff for all actionable negligence and all the damages to the plaintiff arising from such negligent acts. That they were the actual wrongdoers if the plaintiff suffered any legal wrong, cannot be questioned. They were the only actors who could be chargeable with any actual wrongdoing.

But because of the responsibility of a municipality under the law, for the safe condition of its streets and alleys, it may also become liable to persons who are injured upon them through defects which were not created or maintained by the municipality itself.

Sec. 3714 GC."

Morris v Woodburn 57 Oh St 330
Bank v Gillen 73 Oh St 394
Bello v City of Cleveland 106 Oh St 94
Canton Provision Co. v Lander 130 Oh St 43

The same result may obtain between where one is injured by a servant and his master's liability is created solely by the doctrine of "respondeat superior."

Losito v Krause Jr. 136 Oh St 183.

There is another claim set forth in the plaintiff's petition which should be noticed. The plaintiff charges that the actions for wrongful death of the three employees of The Cleveland Hardware & Forging Company were brought against The Burdett Oxygen Company because the defendant wrongfully informed the legal representatives of the said deceased employees that the said employees came to their death as a result of the negligence of The Burdett Oxygen Company, when in truth, the accident causing the said deaths resulted from the sole negligence of The Cleveland Hardware & Forging Company. Even if these facts be admitted, there could be no recovery from the defendant either by The Burdett Oxygen Company or by any one who has succeeded to its right by subrogation.

If the Burdett Oxygen Company was not negligent or if there was negligence on its part which was a proximate cause of the explosion, then certainly the actions for wrongful death could not have succeeded. Under such a state of facts, The Burdett Oxygen Company could not recover from The Cleveland Hardware & Forging Company money paid in settlement of a claim for which it was not legally liable. The allegation that The Cleveland Hardware & Forging Company wrongfully told the representatives of the deceased employees that The Burdett Oxygen Company's negligence caused the accident, is a mere expression of opinion and standing alone does not state a cause of action for the return of money expended in the settlement of such cases.

Coming now to the second question presented: Does the constitutional and statutory provisions of the Workmen's Compensation Act providing against the common law liability

of an employer who is a contributor to the insurance fund, as provided by law, protect such employer from further liability to a third person who has been sued by the representatives of a deceased employee of such employer, such employee having been killed while acting in the course and scope of his employment, where the action against such third person is founded on alleged acts of negligence on his part as a proximate cause of such employee's death and where such third person then brings action against the employer to recoup what he paid in settlement of such claim against him on the theory that the negligence of the employer was the primary cause of the employee's death and that such third person was only secondarily liable. We find no decided cases in Ohio on this question. The constitutional provision is as follows:

**Article II, Sec. 35:**

"For the purpose of providing compensation to workmen and their dependents, for death injuries or occupational diseases, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation or damages for such death, injuries or occupational disease and any employer who pays the premium or compensation provided by law, passed in accordance therewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational diseases * * *."

**Sec. 1465-70 GC,** provides as follows:

"Employers who comply with the provisions of the last preceding section (§1465-69 GC) shall not be liable to respond in damages at common law, or by statute, save as hereinafter provided, for injury or death of any employee, wherever occurring, during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation direct to his injured or the dependents of his killed employes as herein provided."

The constitutional provision providing for an insurance fund for the benefit of injured workmen passed to support

and strengthen the statutes then in effect, and statutes on the subject of workmen's compensation completely changed the theory of liability of an employer to his employees for injuries sustained by them while acting in the course and scope of their employment, from the common law doctrine of negligence modified in some respects by the employer's liability acts passed in the late nineties, to the theory that compensation shall be paid upon a limited basis, regardless of fault to all employees injured while acting within the course and scope of their employment except where such injuries are purposely inflicted. This change in employer-employee relationship constituted one of the greatest beneficial social developments of modern times. In order to accomplish its purpose of protecting the injured employee it was found necessary to make a complete change in the theory of the employer's responsibility. The employer, except in the case of selfinsurer, is compelled to contribute designated sums based upon the amount of his payroll to maintain the insurance fund. This fund is under the complete control of the Industrial Commission, a state agency, and the employer has no power whatever in the matter of determining whether or not one of his employees is entitled to share in the fund because of injuries sustained. In an action by an employee seeking the right to participate in the fund, the employer is not a proper party to the action.

For the obligations thus imposed upon the employer under the Workmen's Compensation Act the employer is relieved of any liability at common law because of such injuries, death or occupational diseases that befall his employees while acting in the course and scope of their employment, and it makes no difference whether the claim is presented by the employee or one who claims the right of retribution because of damages which he has been compelled to pay to such employee.

There is another section in the Act which supports the theory that the legislature intended to relieve the complying employer from all common law liability. That is §1465-93 GC, which provides that a minor is deemed sui juris "for the purposes of this act" and no other person shall have any cause of action or right to compensation for injury to such minor workman * * * *."

The courts have held that such provision is an absolute bar to a loss of service action by a parent. 42 O. Jur., p 592, ¶19.

We conclude, therefore, that the plain intention of the legislature was to provide against any liability at common

law of a complying employer because of the death or injury of its employees. The trial court was correct in ruling for the defendant on its motion for judgment upon the pleadings and the opening statement and the agreed statement of facts, and such judgment is affirmed.

LIEGHLEY, J. and MORGAN, J., concur in judgment.

LIEGHLEY, J. (concurring)

I concur in the judgment of affirmance pronounced by the majority in the event that this court has jurisdiction to decide the issues presented. It is my opinion that this court does not have jurisdiction so to do.

On April 11, 1944, the case came before the trial court and jury was waived. Judgment was rendered for defendant on motion for judgment upon the pleadings and opening statement of counsel. A motion was filed on the following day by plaintiff for a new trial.

On September 7, 1944, the trial court vacated the entry of April 11, 1944, and proceeded to substitute a judgment as of April 11, 1944. A judgment was thereupon rendered for defendant on the pleading, stipulation of facts and the opening statement of counsel. No motion for a new trial was filed to this entry of judgment.

Whether the motion for a new trial is deemed to have been filed to either entry of judgment, or both, it did not result in re-examination of the facts. The facts were stipulated and in considering the motion for a new trial the trial court was called upon to do no more or less than apply the law to those facts.

The notice of appeal was not filed until October 2nd, 1944, being over twenty days after the entry of judgment of Sept. 7, 1944, and filed therefore too late, and in either event the filing and pendency of the motion for new trial did not toll the statute.

MORGAN, J. (concurring)

I recognize the cogency of the opinion expressed by Judge Lieghley. However, if it be held that this court has jurisdiction to decide this case on its merits, it is my opinion that the case should be affirmed on the sole ground that inasmuch as defendant is a subscriber to the workmen's compensation fund and has paid the statutory compensation for the death

of its three employees referred to in plaintiff's petition, the defendant is protected from any liability to the plaintiff in this case on any theory of primary and secondary liability by reason of the provisions of **Article II, Sec. 35 of the Constitution of Ohio and §1465-70 GC.**

Decisions by New York courts and a Federal decision construing the New York Constitution and laws on a similar question have been cited in which cases a different result was reached.

Rappa v Pittston Stevedoring Corp. (Moore-McCormack Lines Inc 3rd Party Deft) 48 F. Supp. 911, at 912.

Westchester Lighting Co. v Westchester County Small Estates Corporation 1 N. Y. S. 2d, 14, 253 App. Div. 764.

Westchester Lighting Co. v Westchester County Small Estates Corporation 15 N E. 2d 567, 175, affirming 1 N. E. 2d, 14, 253 App Div. 764 and answering certified question 3 N. Y. S. 24, 2d 393, 253 App Div. 903.

It is doubtful to what extent the above decisions apply to the Ohio Constitution and laws which are different from those in New York. If they are applicable I do not believe that they state the rule which should be followed in Ohio.

The provision in **Art. II, Sec. 35 of the Ohio Constitution** that "any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law, or by statute for such death, injuries or occupational disease" is intended to give and does give to the employer who complies with the conditions, complete protection from any and every claim against it based on the death of or injuries to any of its employees. I am the more constrained to take this position because in the thirty years in which we have had workmen's compensation laws in Ohio, and **Art. II Sec. 35** has been in force, our attention has not been called to any case where a claim similar to this one has been allowed or asserted.

Employers in this State have been rightly encouraged to rely that by paying the premium and compensation provided by the workmen's compensation laws of the State they have complete protection from any further claims of any kind by reason of the death of or injuries to its employees, except where specific exceptions may be made by statute and none such is claimed in this case.

To hold that employers are not so protected would undermine, in my opinion, the basic principles of workmen's compensation in this State.