**SOBOCINSKI, Appellee and Appellant, v. CLEVELAND (City) (CLEVELAND TRANSIT SYSTEM), Appellee, DOWD, Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23617. Decided April 16, 1956.

J. Harold Traverse and Victor M. Todia, for plaintiff-appellee and appellant, Edmund R. Sobocinski.

McConnell, Blackmore, Cory, Burke & Kundtz, for defendant-appellee, City of Cleveland.

William M. Byrnes, William A. Kane, for defendant-appellant, Ernest S. Dowd.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J:

This is an appeal on questions of law.

On November 28, 1951, Edmund R. Sobocinski was walking east on the north sidewalk of Euclid Avenue, in the city of Cleveland, Ohio, when he was struck by an automobile driven by Ernest S. Dowd. Dowd. who was going west on Euclid Avenue, was making a right turn from Euclid Avenue into the driveway of the Union Club of Cleveland, and in doing so he passed in front of a City of Cleveland passenger bus which was also proceeding west in the north lane of traffic on Euclid Avenue. This Cleveland passenger bus struck the Dowd car at the right rear corner and pushed it across the curb line onto the sidewalk at the point where Sobocincki was walking.

A trial, to a jury, of an action filed by Sobocinski against Dowd and the City of Cleveland resulted in a verdict in favor of Sobocinski against Dowd, and a verdict in favor of the co-defendant City of Cleveland. From the judgment rendered on such verdict, Dowd appeals to this court from the judgment against him, and from the judgment in favor of the City of Cleveland. Sobocinski also appealed from the judgment in favor of City of Cleveland, although at the hearing of this cause, his counsel asked that no action be taken on such appeal if the judgment in favor of Sobocinski against Dowd should be affirmed.

Dowd sets out fourteen assignments of error, which need not be copied herein, since we will examine the principal claims of error in this opinion.

Dowd, beginning with his notice of appeal, claims the trial court erred in not granting a new trial to Sobocinski on the verdict and judgment the City of Cleveland obtained in its favor, and that the trial court erred in giving an instruction before argument requested by the City of Cleveland.

We cannot, even assuming that the requested instruction was erroneous, understand how this co-defendant, Dowd, can complain against one of the alleged tort-feasors, unless the giving of that instruction also

affected the rights of Dowd in his defense of the claim made against him.

The instruction complained against is as follows:

"I charge you as a matter of law that where one without fault is confronted with circumstances of unanticipated peril and imminent danger, he is not held to the exercise of the same quality of care or cautious conduct that prudent persons would exercise where no such peril or danger is present.

"If you find that the CTS bus driver was without fault, confronted with an unanticipated peril and imminent danger, and if you further find that he acted as a reasonably prudent person would act under such circumstances, then he was not negligent and your verdict must be for the defendant, City of Cleveland, despite the fact that a collision occurred between the CTS bus and the automobile."

It is to be noted that this instruction, the only special instruction before oral argument to the jury, is linked to the parties to the action, and covers a matter which was very much in evidence. The City of Cleveland claimed, and the evidence sustained its claim, that Dowd cut directly in front of the bus from a lane of traffic next south of the lane in which the transit bus was traveling. The bus operator was unable, at the moment when Dowd crossed directly in front of him, to instantly bring his bus to a full stop or to swerve to the left and avoid striking the Dowd car. All the credible evidence pointed to the creation of an emergency which then confronted the bus driver. The City of Cleveland was entitled to an instruction on the subject of emergency.

The rule announced in the case of **Satterthwaite v. Morgan, Jr., 141 Oh St 447,** was not changed by any statement in the case of **Bush, Admr., v. Harvey Transfer Co. et al, 146 Oh St 657,** at **pages 664** and **665.** The case of **Peters v. Weaver et al, 97 Oh Ap 31,** also sets out the rule with respect to emergency action on the part of a driver of a motor vehicle. And see: II Restatement of the Law of Torts, Sec. 296.

It is claimed, as heretofore noted, that Dowd and the City of Cleveland were joint tort-feasors. It is the well-settled rule in Ohio that there is no contribution between joint tort-feasors. **Royal Indemnity Co. v Becker et al, 122 Oh St 582.** There was a great conflict in the evidence, and the jury believed that only Dowd was at fault; and by their verdict they absolved the City of Cleveland from all liability in the premises.

Dowd now seeks to shift some or all of the blame onto the City. This he cannot do, for where the law does not require contribution between joint tort-feasors, and one of the two defendants is dismissed, only the plaintiff in such a case has the right to appeal the judgment of dismissal.

We find no Ohio case directly on this point, but cases from other jurisdictions where there is no contribution between joint tort-feasors, so hold. See:

Bremner v. Hendrickson et al, 31 Fed. 2d 893.

Davies, as Trustee, v. Land O'Lakes Racing Assn. (Minn.), 69 N. W. 2d 642, wherein the court said, at p. 648, that "an appellant may not assign error affecting other parties but may assign only error that is prejudicial to him. * * * That defendants on appeal cannot question the dismissal of an action against a co-defendant in whose favor a verdict

has been returned and against whom appellants have asserted no claim is well established ° ·· °,"

Peters v. City and County of San Francisco et al. (Calif.), 260 P. 2d 55.

Raich, etc., v. Aldon Construction Co. et al. (Calif.), 276 P. 2d 822.

Glassman et al, v. City of New York et al. (N. Y. App.), 135 N. Y. S. 2d 597.

We therefore determine that, as to the appellant Dowd, he cannot, under the facts of this case, complain that the trial judge committed prejudicial error when the judge gave an instruction relative to the care required by the bus driver when confronted with an emergency.

Another claimed error most strongly urged upon us concerns the amount of the verdict. Appellant Dowd insists that the damages awarded by the jury are greatly excessive and appear to have been given under the influence of passion and prejudice.

We do not so find. The evidence shows that Sobocinski has scars and calcification in his leg, and some increase in calcification around the hip joint, which is shown by the x-ray pictures taken three or more years after the accident. The muscle tissue has, as a result of the injury, been replaced with fibrous tissue. Sobocinski underwent painful surgery and was off work for ten weeks. He now has excess fluid in the knee joint. and an enlarged right hip and calf of the right leg.

The orthopedic surgeon who testified as an expert witness for Sobocinski, said there was a change in the quality or character of the tissues of the right thigh which is characteristic of scarring in the deeper tissues. He also said that Sobocinski has some bone formation in the thigh as a result of the injury, and that he has some bony thickening over the end of the second right metacarpal bone at the wrist level, although this does not interfere with the use of the right hand.

Sobocinski said he tires more easily when on his feet, but that his work requires him to be on his feet; he still suffers pain in his right leg and must take treatment nearly every day, using hot applications to alleviate this pain. He walks with a slight limp. All of these permanent injuries are a direct result of the accident.

When a reviewing court, faced with this evidence, comes to a consideration of the nature of these injuries and reflects upon the degree of pain yet reasonably certain to be suffered during the normal life expectancy of Sobocinski, it must conclude that the verdict herein was not given as a result of passion or prejudice. This verdict and the judgment thereon is not excessive, and certainly not against the manifest weight of the evidence.

We have examined all of the claimed errors, and find none prejudicial to the substantial rights of either the appellant Dowd, or the appellant Sobocinski.

The judgment is affirmed.

STEVENS, PJ, DOYLE, J, concur.