ACKER, J.,
— The matter for determination arises from a preliminary objection in the nature of a demurrer to a complaint in assumpsit. The basic issue is whether contribution can be claimed in this action when the initial right to sue and the right to contribution would both have been denied by the State of the wrong.
It appears that on October 21,1969, plaintiff, William D. Fay, a resident of3640 Neilson Avenue, Youngstown, Mahoning County, Ohio, was operating his 1956 Chevrolet two-door sedan east on the Youngstown-Poland Road in the State of Ohio. At the same time and place, defendant, Eugene P. McFadden, who resides in the City of Sharon, Mercer County, Pa., was traveling in the opposite direction and crossed the center line when a collision occurred. In the McFadden car at that time as passengers were Gary Lindsey and William Adler, both of the City of Sharon, Mercer County, Pa., and both of whom claimed personal injuries and resulting damages from the negligent conduct of their driver, McFadden.
Although the pleadings fail to inform the reader where all of the medical bills were incurred, it would appear that some of them as to both passengers at least were incurred in Pennsylvania. Both passengers sustained lost wages and property damage.
The complaint further informs the reader that plaintiff, William D. Fay, had liability insurance with Ohio Casualty Insurance Company. Further, that defendant, Eugene P. McFadden, had Lability insurance issued by the Continental Insurance Company. Giving all rea *315 sonable inferences to the party against whom the demurrer is asserted, the position of plaintiff is accepted that defendant being a resident of Pennsylvania was insured under a Pennsylvania policy written to cover injuries to guest passengers and to grant protection in the event of a claim for contribution.
It appears that on or about December 22, 1969, plaintiffs insurer, Ohio Casualty Insurance Company, settled a claim on behalf of Gary Lindsey, passenger in defendant’s motor vehicle, for $800, which it asserts is fair and reasonable in amount. Also on December 31, 1969, that same company insuring plaintiff settled the claim of William Adler for $431.60, which it asserts is fair and reasonable under the circumstances. In both settlements releases were obtained which have the legal effect of releasing all claims against both plaintiff and defendant. The release, however, as to the passenger, Adler, includes an open end for a maximum $500 additional payment for future medical treatment; whereas the release as to Lindsey does not contain such provision.
Following the payment of these two claims on January 5,1970, the Ohio Casualty Company on whose behalf this action is brought notified the Underwriter’s Adjustment Company, an agent of defendant’s insurer, Continental Insurance Company, that settlement had been made with the two passengers in their assured’s car, being defendant, for a total aggregate of $1,231.60. Copies of the releases of all claims were attached and defendant’s insurance carrier was asked to pay $615.80 as its pro rata share for the extinguishment of the liability of their insured. However, by the complaint it is claimed that the defendant and Iris insurance carrier have refused and continue to refuse to pay the defendant’s proportionate share of the contribution. Hence, the suit.
*316 Defendant advances what it claims to be two insurmountable objections to recovery. First, that there is no right of contribution between joint tortfeasors under Ohio law.[1] Plaintiff does not take issue with this position as to the Ohio law, but states that it is not applicable, for Pennsylvania, he claims, has the right to make an independent determination of whether contribution is in fact to be permitted.
Defendant also contends that under the Guest Motorist Statute of Ohio recovery would have been denied in any event.[2] Further, in that the complaint fails to suggest that defendant’s conduct was wilful or wanton there is no exception permitted under the facts of this case to avoid the effect of the Ohio Guest Motorist Statute. Plaintiff answers that under the Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964), landmark case in Pennsylvania suit would have been permitted in Pennsylvania by the passengers against defendant. That will be discussed subsequently. Citing authorities other than Ohio defendant contends that it is well established that a host driver is not hable to contribution to the operator of another vehicle with respect to injuries sustained by the host driver’s guest where the host is immune from direct liability to his guests under a guest passenger stat *317 ute. Defendant contends that in the course of denying a third party the right of contribution from the host driver the courts have adopted the view that that which could not be accomplished directly, i.e., recovery by the guest from the host, cannot be accomplished by indirection.[3]
Would an action by the passengers of defendant’s, McFadden’s, vehicle have been successfully defended in this court if the Ohio Guest Motorist Statute was asserted?
Of the 50 States of the Union, 30 have guest motorists statutes. The defense to the Ohio Guest Motorist Statute is basically a proved allegation of wilful or wanton misconduct.[4] However, there is no question that an action could have been successfully maintained by the passengers, Lindsey and Adler, against their host driver, McFadden, in Pennsylvania for this is a “false conflict” case. The most recent comment upon Griffith v. United Air Lines, Inc., supra, is Cipolla v. Shaposka, 439 Pa. 563 (1970). There the court held that in determining which State has the greater interest in the application of its law consideration should be directed to see what contacts each state has with the accident and whether the contacts relate to the policies and interests underlying the particular issue before the court. It cautions that the mere counting of contacts is not determinative. That they must be measured on a qualitative rather than quantitative scale. In this case the passengers and their host driver were all from the State of Pennsylvania. It is reasonable to assume that the policy of insurance was written in Pennsylvania for the Pennsylvania host defendant and as such encompassed a premium contemplating suit by guests against the host driver. The bills were basically incurred *318 in Pennsylvania and the guest lived in Pennsylvania and worked in Pennsylvania. Clearly the vital interest in this case is that of Pennsylvania. The fact that the automobile was being operated in Ohio at the time of the occurrence is merely a circumstance.[5]
Therefore, this court concludes the initial question against the defendant and his insurance carrier.
Are the plaintiff and his insurance carrier denied recovery for contribution because no such right exists under Ohio law ?
It is conceded by defendant that under Ohio law recovery would be denied. It is equally true that recovery is permitted among joint tortfeasors for contribution under Pennsylvania law.[6]
*319 Therefore, the only issue remaining is what law shall control.
Prior to Griffith, Appellant v. United Air lines, supra, in 1964, this case would be ruled by Builders Supply Company v. McCabe, 366 Pa. 322, 77 A.2d 368, 24 ALR 2d 319 (1951). There it was held that under Ohio law there is no right of contribution between joint tortfeasors and that a right of contribution must be determined by the law of the State where the accident occurred. The McCabe case, however, was reviewed in Elston v. Industrial Tift Truck Company, supra, where the issue for determination was whether a Pennsylvania defendant corporation could file a cross complaint against the New Jersey employer for contribution under Workmen’s Compensation. The employe was plaintiff injured party and under New Jersey law suit was not permitted against the employer for contribution contrary to Pennsylvania law. Rather than foreclosing the matter as occurred in the McCabe case, supra, by a mere recitation of the law of the place of the wrong the court, page 104, stated, “We are faced, then, with the task of determining which state’s resolution of the problem should prevail under the circumstances in the instant case. Cf. McSwain, Appellant v. McSwain, 420 Pa. 86, 215 A.2d 677 (1966); Griffith, Appellant v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964).” By footnote, page 105, the court reviewed McCabe stating, “In *320 Builders Supply Company v. McCabe, 366 Pa. 322, 77 A.2d 368 (1951), the Court resolved the issue by resort to the law of the place of the injury. However, the considerations which motivated the result have been rejected by our most recent decisions.”
A review of the question of contribution among joint tortfeasors and in particular against a host driver indicates that the courts have rejected the claim for contribution where the guest statute would preclude the host driver from being directly liable to his injured guest passenger.[7] This consideration has already been removed, however, by the holding in the first portion of this opinion. A review of all of the cases relied upon by defendant[8] fails to disclose the reason for the Ohio rule. The cases seem to all return to Royal Indemnity Company v. Becker, supra. There the court merely concludes that their position is in accordance with many authorities.[9]
It would appear logical that courts may desire to prevent the right of contribution for various reasons, among them to eliminate litigation and prevent the clogging of their courts, to require all rights to be enforced in one action, or to protect insurance carriers from such actions thereby reducing the rates of coverage of the citizens of the state. None of the suggested reasons are applicable in the instant case. The suit is against a Pennsylvania citizen insured in Pennsylvania in a case to be tried in Pennsylvania.
*321 Wherefore, the preliminary objection in the nature of a demurrer is denied.
ORDER
And now, November 16, 1970, defendant’s preliminary objection in the nature of a demurrer is dismissed. Defendant shall be granted 20 days in which to plead.

 Citing Royal Indemnity Company v. Becker, 120 Ohio St. 582, 173 N. E. 194, 75 ALR 1481 (1930); Globe Indemnity Company v. Schmitt, 140 Ohio St. 595, 53 N. E. 2d 790 (1944); Maryland Casualty Company v. Frederick Company, 142 Ohio St. 605, 53 N. E. 2d 795 (1944); Albers v. Great Central Transport Corp., 145 Ohio St. 129, 60 N. E. 2d 669 (1945); Bankers’ Indemnity Insurance Co. v. Cleveland Hardware and Forging Co., 77 Ohio APP 121, 62 N. E. 2d 180, appeal dismissed, 145 Ohio St. 615, 62 N. E. 2d 251 (1945); Sobocinski v. City of Cleveland, 73 Ohio ABS 426, 133 N. E. 2d 622, (1956). This position is not denied by plaintiff.

 Ohio Revised Code, 4515.02.

See the discussion at 26 ALR 3rd 1287.

American Jurisprudence 2d, Desk Book, Document No. 23, P. 304.

 This case is somewhat similar to Kuchinic, Appellant v. McCrory, 422 Pa. 620, 222 A.2d 897 (1966), which arose from the death of three passengers and a pilot in a plane crash in Georgia for all passengers were from Pennsylvania and were returning to Pennsylvania from a Florida football game. Cases of similar holding are Markiewicz v. Needham, 41 D. & C. 2d 18 (1966); Grant v. Gibson, 42 D. & C. 2d 346 (1966). Pennsylvania cases have, however, used the Griffith doctrine to deny recovery to a Pennsylvania resident and in applying the law of the place of the wrong: Elston v. Industrial Lift Truck Co., Appellant, 420 Pa. 97, 216 A.2d 318 (1966); McSwain, Appellant v. McSwain, 420 Pa. 86, 215 A.2d 677 (1966); Eastcoast Equipment Company v. Maryland Casualty Company, Appellant, 207 Pa. Superior Ct. 383, 218 A.2d 91 (1966); Cipolla v. Shaposka, supra; Crawford, Appellant v. Manhattan Life Insurance Company of New York, 208 Pa. Superior Ct. 150, 221 A.2d 877 (1966); Caddie Homes, Inc. v. Falic (et al., Aplnt.) 211 Pa. Superior Ct. 333, 235 A.2d 437 (1967); Witherow v. American Ambulance Company, 42 D. & C. 2d 232 (1967); Cutuli v. Pennsylvania Reading Seashore Lines, 47 D. & C. 2d 512 (1969).

Even prior to the adoption of the Uniform Contribution Among Tort Feasors Act of July 19, 1951, P. L. 1130, 12 PS §2082, et seq., the legislature had recognized the right by the Act of June 24, 1939, P. L. 1075, sec. 1,12 PS §2081, and our appellate courts in Gold *319 man et al. v. Mitchell-Fletcher Co., 292 Pa. 354, 141 Atl. 231 (1928). The issues of liability and reasonableness of the settlement are open and available at the time of trial and must be established by plaintiff as a necessary element of his case. It is also required that there must be an extinguishment of the right of the injured party to go against defendant: Swartz, Appellant v. Sunderland, 403 Pa. 222, 169 A.2d 289 (1961), being an action in assumpsit; Harger v. Caputo, Appellant, 420 Pa. 528, 218 A.2d 108 (1966), being an action in trespass.

 26 ALR 3rd 1283, 1285.,

 As detailed in footnote Fjío. 1 of page 3 of the opinion.

 The case of Adams Express Company v. Beckwith, 100 Ohio St. 348, 126 N. E. 300 (1919), and Penn. Co. v. West Penn. Rys. Co. 110 Ohio St. 516, 144 N. E. 51 (1924), relied upon in the Royal Indemnity Company v. Beckwith, supra, are equally of no assistance.