Rexford Daniel FENTON, a minor by Rexford G. Fenton and Janice C. Fenton, parents and natural guardians, and Rexford G. Fenton and Janice C. Fenton, in their own right, Plaintiffs,

v.

McCRORY CORPORATION, a Delaware corporation, Defendant,

v.

John GRUBE, a minor, by his parents Donna L. Grube and John Grube, Third-Party Defendants.

Civ. A. No. 49–67 Erie.

United States District Court
W. D. Pennsylvania.

July 25, 1969.

John M. Feeney, Pittsburgh, Pa., for plaintiffs.

Wallace J. Knox, Erie, Pa., David H. Trushel, Pittsburgh, Pa., for defendant.

James P. McKenna, Jr., Pittsburgh, Pa., for third-party defendants.

## OPINION

WEBER, District Judge.

This was a product liability case. The minor plaintiff had purchased a toy bow-and-arrow set at defendant's store a few days before the accident. The package designated the arrows as "safety arrows" because a small rubber suction cup was attached to the leading end of the arrow shaft. A few days later a playmate discharged one of the arrows toward plaintiff striking him in the eye. After this event the arrow shaft was found to have penetrated forward through the rubber suction cup presenting a small diameter hard-protruding core. The minor plaintiff lost the sight of his eye. Expert testimony on both sides agreed that tests on similar arrows of this manufacture revealed that after a certain amount of normally expected use, by being repeatedly shot against a solid surface, the arrow shafts would penetrate the rubber suction cups and protrude. Expert testimony established that this was a defect in the rubber caps of the arrows.

Defendant joined the playmate as third-party defendant claiming a right of contribution. The third-party defendant was dismissed before trial opened when plaintiff elected to proceed solely on the grounds of strict liability. The jury found for the plaintiff.

Most of the reasons advanced by Defendant in its Motion for New Trial can be disposed of briefly. Plaintiff counsel's closing argument did not prejudice defendant when he mentioned a failure of defendant to inspect the merchandise sold because defendant's liability is imposed under Restatement, Torts 2d, § 402A, whether or not all possible care was exercised. We believe that the jury was properly instructed as to the grounds upon which defendant's liability rested. We see nothing prejudicial in the scope of the expert testimo-ny. This is a matter of discretion in the trial judge and we believe the jury was properly instructed as to the weight to be accorded expert testimony. There was remarkable unanimity of opinion between plaintiff's expert and defendant's expert. We see no prejudice in refusing to submit defendant's requested special interrogatories on this case of clear and simple issues.

An article in the Sunday magazine supplement of the local newspaper on "Toys That Can Cripple—and Even Kill" in which an identical defect to the one involved here was mentioned presumably came to the attention of a number of jurors in this jury selected on the next day. But we cannot place jurors in an isolation chamber for a month before trial. They are subject to the impact of the hot and cool media every day, with its accounts of accidents and injuries, defective and dangerous objects, and the perils and expenses of daily living. The normal person develops an immunity, or at least a tolerant attitude to these repeated assaults upon his attention. To inquire of the jurors as to whether they read the article in question would only intensify the impression of those who read the article and arouse the natural instincts of curiosity of those who missed it but who could readily check the article in yesterday's newspaper. The jury was sworn to try the case on the evidence produced before them. To consider that they were swayed to disregard that oath by the usual type of Sunday magazine article displays a lack of faith in the honesty and intelligence of the average juror, or the value of the jury system itself. The article was not unduly inflammatory, it was largely factual, and in reference to rubber tipped safety arrows it recounted an experience that was factually similar to the one shown by clear and abundant evidence to have occurred in the present case.

We believe that the case was fairly tried and submitted to the jury under a proper charge and that the jury's ver-

dict on liability and damages was in accord with the weight of the evidence.

■ A separate matter raised requires a fuller explanation. The plaintiff proceeded against the defendant solely under the strict liability imposed upon the manufacturer or seller of a product which at the time of sale contains a dangerous defect, under the Rule of § 402A of the Restatement of Torts, 2nd. This is the law of Pennsylvania. Webb v. Zern, 422 Pa. 424, 220 A.2d 853 [1960]. Defendant joined as a third-party defendant the playmate who had shot the arrow at the injured minor plaintiff, claiming the right of contribution against a joint tort feasor. Immediately prior to the selection of the jury, the plaintiff informed the Court that the sole theory of liability to be presented would be under § 402A of the Restatement of Torts, 2d. Third-party Defendant Grube then moved to dismiss the third-party complaint and we granted that motion. We did so because we believe that there is no right of contribution between a party whose liability is imposed under the strict liability rule of § 402A, Restatement of Torts, 2d., and a party whose liability is based on negligence or want of due care. Strict liability is imposed regardless of the exercise of due care by the person sought to be charged; contribution exists between tort-feasors both of whom are charged with a want of due care proximately causing the accident. The history of the development of the doctrine of the right of contribution between joint tort-feasors in Pennsylvania, beginning with the judicial declaration of such right in derogation of the common-law rule of no contribution and the adoption and subsequent interpretation of the Uniform Contribution Among Joint Tort Feasors Act, 12 P.S. § 2082 et seq., indicates to us that no such right exists between those whose liability is imposed under different grounds. See Cage v. New York Central R.R. Co., D.C., 276 F.Supp. 778, affd. per curiam 386 F.2d 998 [3 Cir. 1967]. There is no authority in Pennsylvania on this point, and as far as we can determine no judicial construction or commentary elsewhere. The development of the 402A rule is recent, and its consequences have not yet been fully explored in litigation. We have previously followed this rule in similar cases in the belief that the Pennsylvania appellate courts would so decide. Its application did not prejudice defendant in attempting to prove that the negligence of another party was the sole proximate cause of the injury and damage. Nor would the reversal of this decision require the entire action to be retried because these are issues that may be properly severed for separate trial.

■ Although Defendant has filed a Notice of Appeal from our Order of July 9, 1969, dismissing its action against the Third-Party Defendant, under the assumption that this was a final order which required notice of appeal within thirty days, we do not believe such order was appealable without the certification required under Fed.R. of Civ.P. 54(b) as to finality. That obstacle is removed by the present disposition.

## ORDER

And now this 25th day of July, 1969, Defendant's motions for a new trial and to set aside the verdict are denied in accordance with the above Opinion.