Frank J. DODICK and Dennis R. Johnson, Plaintiffs,

v.

NORFOLK AND WESTERN RAILWAY COMPANY, Defendant and Third-Party Plaintiff,

v.

PENNSYLVANIA GAS COMPANY and Raymond F. Will, Third-Party Defendants.

Civ. A. No. 119–69 Erie.

United States District Court, W. D. Pennsylvania.

May 13, 1971.

---

Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., Gary J. Shapira, Erie, Pa., for plaintiffs.

Quinn, Plate, Gent, Buseck & Leemhuis, Erie, Pa., for defendant and third party plaintiff.

John M. Wolford, Erie, Pa., for third-party defendants.

## MEMORANDUM OPINION

GERALD J. WEBER, District Judge.

In this railroad crossing accident case the three original plaintiffs were the driver and two passengers of a truck that was struck by defendant's train. The truck was owned by Pennsylvania Gas Company, the employer of the three occupants. The defendant railroad moved to join the Pennsylvania Gas Company and Raymond F. Will, the driver of the truck, as third party defendants, alleging a right of contribution because of the negligence of those parties. After the required severance of the case of Will from that of the other two plaintiffs he was joined as third party defendant in the claims of the other two plaintiffs, and Pennsylvania Gas Company was joined as third party Defendant in all claims.

Will now moves for summary judgment of dismissal of the third party claim against him on the grounds that the Act of 1963, Aug. 24, P.L. 1175 (77 P.S. § 72), amended the Pennsylvania Workmen's Compensation Act to exempt an employee from any liability for injury to a fellow-employee, unless intentionally inflicted.

The Pennsylvania Gas Company is the employer of all three original plaintiffs. Even though the liability of an employer to an employee is limited by the Workmen's Compensation Act, nevertheless he remains liable and he is also liable for contribution to a joint tort-feasor, although the right of contribution is limited to the amount of the liability of the employer under the Workmen's Compensation Act, Maio v. Fahs, 339 Pa. 180, 14 A.2d 105.

However, since the 1963 amendment to the Workmen's Compensation Act, cit. supra, there is no liability to anyone, at common law or otherwise, by a person in the same employ as the person injured or killed.

There has been no Pennsylvania appellate decision on the effect of this amendment on the right of contribution, nor any construction of its application under federal third-party practice, but a decision of the Court of Common Pleas of Armstrong County, Pa. is squarely on point. In Nationwide Mutual Insurance Co. v. Campbell 45 (Pa.) Dist. & Court 2d Reports 675 (1968) the court held that the effect of the 1963 Act was clearly to relieve the fellow employee from liability of any kind, including liability for contribution, even though the employer, whose liability might be vicarious because of the master-servant relationship with the driver, still remained liable for contribution to the extent of his statutory liability.

The reasoning of Judge Graff's opinion is compelling and we hold that the 1963 Act prevents the third party joinder of a fellow employee under federal third party practice.