G. Edward MADRIN, Plaintiff,

v.

Richard A. WAREHAM, Defendant and Third-Party Plaintiff,

v.

Richard W. LARSON and Consolidated Freightways, Third-Party Defendants.

Civ. A. No. 6–72.   Erie.

United States District Court,
W. D. Pennsylvania.

June 12, 1972.

Will J. Schaaf, Erie, Pa., for plaintiff.

Bernard F. Quinn, Erie, Pa., for defendant Wareham.

James E. Blackwood, Erie, Pa., for third-party defendants.

## OPINION

WEBER, District Judge.

Plaintiff Madrin was an employee of Consolidated Freightways. He was a relief driver and was sleeping in the sleeper cab of Consolidated's truck being driven by his fellow-employee Larson. The truck collided with a vehicle driven by Defendant Wareham. Plaintiff sued Wareham who joined Larson, the driver, and Consolidated, the employer, as Third-Party Defendants, claiming contribution if Wareham, Larson and Consolidated were found to be joint tort-feasors under Pennsylvania law.

Third-Party Defendants move to dismiss the Third-Party Complaint as to both Larson and Consolidated on the grounds that Ohio law controls their liability and that under Onio law the fellow-employee and the employer are immune from suit in this situation, including immunity from a suit by a third-party for contribution or indemnity to an award in favor of an employee and fellow-employee.

Plaintiff is an Ohio resident. Defendant is a Pennsylvania resident. Third-Party Defendants are an Ohio resident and an Ohio corporation. The accident occurred in Pennsylvania.

Third-Party Defendants argue that the Pennsylvania choice-of-law rules would compel the application of Ohio substantive law to the relationship between the Plaintiff, his employer Consolidated and his fellow-employee Larson.

In any event, whether Pennsylvania or Ohio law controls is immaterial in the case of the fellow-employee. The Ohio Workmen's Compensation statute bars suit against a fellow-employee for injuries received in the course of employment which are compensable under the Ohio Workmen's Compensation statute [Ohio Revised Code § 4123.741]. The Pennsylvania Workmen's Compensation statute, 77 P.S. § 72, similarly exempts any employee from any liability to a fellow-employee. We have previously held that this immunity applies to any liability for contribution. Dodick et al. v. Norfolk & Western Railway Co. et al., 326 F.Supp. 1154 [W.D.Pa.1971].

As to an employer, the Pennsylvania rule differs from that of Ohio. Under the Pennsylvania law, the employer is immune from suit by his employee but he is not immune from liability for contribution to a joint tort feasor although the contribution is limited to the amount of liability of the employer under the Pennsylvania Workmen's Compensation Act. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 [1940]. In this respect the Pennsylvania rule is a departure from—

". . . the generally prevailing practice of insulating a statutory employer from contribution. 2 Larson, Workmen's Compensation Law § 76.21 (1961 ed.); McCoid, The Third Person in the Compensation Picture: A Study of the Liabilities and Rights of Non-Employers, 37 Tex.L.Rev. 389, 437–38 (1959); Note, Contribution and Indemnity: The Effect of Workmen's Compensation Acts, 42 Va.L. Rev. 959, 963 (1956). This result has been reached on the following ground:

'[T]he employer is not jointly liable to the employee in tort; therefore he cannot be a joint tortfeasor.

The liability that rests upon the employer is an absolute liability irrespective of negligence, and * * * is the only kind of liability that can devolve upon him whether negligent or not. The claim of the employee against the employer is solely for statutory benefits; his claim against the third person is for damages. The two are different in kind and cannot result in common liability. * * *'

2 Larson, Workmen's Compensation Law § 76.21 (1961 ed.)." Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318 [1966].

This court has applied the same rationale in denying the right of contribution in diversity cases tried under Pennsylvania law in other than Workmen's Compensation Act situations. See Cage v. New York Central R. R. Co., 276 F. Supp. 778 [W.D.Pa.1967], affd. per curiam 386 F.2d 998 [3rd Cir., 1967]; Fenton v. McCrory Corp., 47 F.R.D. 260 [W.D.Pa.1969].

■ But we are compelled by controlling Pennsylvania decisions, Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 [1940] to apply the right of contribution where the employee's claim against the third-party is founded on negligence. We always have difficulty in applying the rule of contribution where the employee's claim against the third person is based solely on the strict liability for dangerously defective product under the rule of Restatement of Torts, Second, Sec. 402A. While it would appear under the above rationale that no contribution should be allowed, our Court of Appeals, 407 F.2d 87 [3rd Cir., 1969] has affirmed a verdict in a Pennsylvania diversity case, in which liability was found against the third person for a defective product and liability for contribution for negligence was found against the third-party defendant employer. See Greco v. Buccionio Engineering Co., 283 F.Supp. 978 [W.D.Pa.1967]. We find no Pennsylvania appellate decisions on this point.

The Ohio Constitution, Art. II, Sec. 35, provides for a workmen's compensation statute and provides that it shall be the injured workman's exclusive remedy, and that any employer who pays the compensation provided shall not be liable for damages at common law or by statute for such injuries. The Ohio statute contains similar provisions. [Ohio Revised Code § 4123.74].

The Ohio decisions interpret this statute to bar any claim for contribution by a third party.

"For the obligations thus imposed upon the employer under the Workmen's Compensation Act the employer is relieved of any liability of common law because of such injuries . . . that befall his employees while acting in the course and scope of their employment, and it makes no difference whether the claim is presented by the employee or one who claims the right of retribution because of damages which he has been compelled to pay to such employee." Bankers Indemnity Ins. Co. v. Cleveland Hardware and Forging Co., 77 Ohio App. 121, 62 N. E.2d 180, 184 [1945] Appeal dismissed 145 Ohio St. 614, 62 N.E.2d 251 [1945].

■ Apart from the Ohio Workmen's Compensation Act, there is no right of contribution in Ohio between persons whose concurrent negligence has made them liable in damages. Royal Indemnity Co. v. Becker, 122 Ohio St. 582, 173 N.E. 194, 75 A.L.R. 1481.

■■ Furthermore, there is no right of subrogation in Ohio by the payor of workmen's compensation benefits against a third party, whose negligence caused the injuries, to recover payments made under the Ohio Workmen's Compensation Act. Fischer Construction Co. v. Stroud, 175 Ohio St. 31, 191 N.E.2d 164 [1963], but such a right is recognized by the Pennsylvania Workmen's Compensation Act, 77 P.S. § 671; Smith v. Yellow Cab, 288 Pa. 85, 135 A. 858 [1927].

This choice of law can result in substantially different results in this case.

We are a United States District Court sitting in Pennsylvania in a diversity action and must apply the law of the forum state, including its choice of law rules. Fortunately the Pennsylvania choice of law rule has been clearly stated by its Supreme Court in such a case. In Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318 [1966], a Pennsylvania defendant sought to join a third-party defendant for contribution as a joint tortfeasor, the New Jersey employer of the plaintiff. In *Elston* the place of the injury was New Jersey, and under the prior Pennsylvania doctrine the law of the place of injury would be applied. Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368 [1951]. However, since Griffith v. United Air Lines, 416 Pa. 1, 203 A.2d 796 [1964], Pennsylvania has applied the rule of the Restatement 2d, Conflict of Laws, that the local law of the state with the most significant relationship with the occurrence and with the parties should be applied. It is not necessary that all issues involved in tort litigation be governed by the same law. See Restatement 2d, Conflict of Laws, Sec. 173, Comment (a).

In *Elston*, the Pennsylvania Supreme Court determined that the statutory scheme of New Jersey, whose workmen's compensation program is most significantly involved has the most significant interest in the application of its policies in this question. The Pennsylvania court noted that while this was a case of first impression in Pennsylvania, courts in other jurisdictions almost invariably respected the immunity granted by the workmen's compensation statute of the state involved. The court was cognizant of the equities involved which placed the entire burden of the loss on the original Pennsylvania defendant. We also note that such a ruling can result in unjust enrichment to the plaintiff by being paid twice for the same injury, since the Ohio employer has no right of subrogation.

The same rationale has been applied in a Pennsylvania diversity case in this Circuit, where the Court of Appeals held that the Workmen's Compensation Act provision of New York controlled in a New York employee's action against a Pennsylvania third person tortfeasor, where the New York employee had received workmen's compensation payment from his New York employer. In that action the sad result is that the New York employer enjoyed full reimbursement for the compensation paid without deduction for attorney's fees under the controlling New York statute. Pennsylvania is more protective of attorney's fees in such situations. 77 P.S. § 671.

We conclude that the provisions of the Ohio Workmen's Compensation Act have the most significant relationship to the question of liability for contribution to the damages which the Ohio employee suffered in an injury for which he was compensated under the Ohio Workmen's Compensation Act.