Verda M. WALTERS, Administratrix of the Estate of Fred L. Walters, Deceased, Plaintiff,

v.

HIAB HYDRAULICS, INC., Defendant and Third-Party Plaintiff,

v.

ATECO EQUIPMENT COMPANY, Third-Party Defendant and Fourth-Party Plaintiff,

v.

James M. HOUTZ, Fourth-Party Defendant and Fifth-Party Plaintiff,

v.

WEST PENN POWER COMPANY, Fifth-Party Defendant.

James M. HOUTZ, Crossclaim Plaintiff,

v.

ALLENSVILLE PLANING MILL, INC., Crossclaim Defendant.

Civ. A. No 71–492.

United States District Court, M. D. Pennsylvania.

March 22, 1973.

---

Ertel & Kieser, Williamsport, Pa., for plaintiff.

H. Clay McCormick, Williamsport, Pa., for Hiab Hydraulics, Inc.

Greevy, Knittle & Mitchell, Williamsport, Pa., for Ateco Equipment Co.

Clyde W. McIntyre, Harrisburg, Pa., for James M. Houtz.

Charles C. Brown, Jr., Bellefonte, Pa., for West Penn Power Co.

Robert J. Wollett, Williamsport, Pa., for Allensville Planing Mill, Inc.

## OPINION

MUIR, District Judge.

On November 11, 1970, Plaintiff's decedent was electrocuted when the Hiab Model 177 speedloader with which he was erecting roof trusses came in contact with overhead electric wires owned by West Penn Power Company. The speedloader was sold in the United States by Hiab Hydraulics, Inc. (Hiab), to or through Ateco Equipment Company (ATECO), to Allensville Planing Mill, Inc. (Allensville), the decedent's employer. The accident occurred on the farm of James M. Houtz.

Plaintiff brought this survival action against Hiab and subsequently limited its theories of recovery to strict liability under Restatement Second of Torts, §

402A, and breach of warranty. Hiab petitioned the Court for leave to file a third-party complaint upon Allensville alleging negligence, and upon ATECO on a theory of struct liability. The Court granted the motion as to ATECO, and denied it as to Allensville. ATECO served a fourth-party complaint containing counts in negligence on fourth-party Defendants James M. Houtz and Allensville. Houtz served a fifth-party complaint containing counts in negligence on fifth-party Defendant West Penn Power Co., and a crossclaim against Allensville based upon negligence. The Court dismissed the fourth-party complaint against Allensville, but permitted the crossclaim against Allensville to remain in accordance with the usual practice on this point.[1] Before the Court at this time are motions by Houtz and West Penn Power Company to dismiss the complaints against them, and the motion of Allensville to dismiss the crossclaim against it.

As grounds for dismissal, all of the moving parties rely on Fenton v. McCrory, 47 F.R.D. 260 (W.D.Pa.1969), which held that under Pennsylvania law, there is no right of contribution in favor of a party whose liability is imposed under the strict liability rule of Restatement Second of Torts, § 402A, from a party whose liability is based on negligence or want of due care. The parties opposing the various motions before the Court do not attempt to distinguish Fenton, for indeed, that case is clearly on point. However, they argue that the holding in Fenton is incorrect.

There are no Pennsylvania cases on the right to contribution under the circumstances presented by this case. The holding in Fenton was based upon a "prediction" as to the applicable Pennsylvania law. Federal courts applying Pennsylvania law have previously concluded that Pennsylvania courts would hold that a tortfeasor found guilty of wanton misconduct could not enforce a

---

1. Frommeyer v. L. & R. Construction Co., 139 F.Supp. 579 (D.N.J.1956). See generally Wright and Miller, Federal Practice and Procedure § 1431.

right of contribution against one specifically found guilty of simple negligence in the same accident. Cage v. New York Cent. R. R., 276 F.Supp. 778 (W. D.Pa.1967), aff'd per curiam, 386 F.2d 998 (3d Cir. 1967). The *Fenton* court cited *Cage* for the proposition that in Pennsylvania no right of contribution exists between those whose liability is imposed on different grounds and thus extended *Cage*. Contrary to the court's prediction in *Fenton*, it is my prediction that the Supreme Court of Pennsylvania would adopt the principle that there exists a right of contribution in favor of one liable to a Plaintiff under the strict liability theory of § 402A from one liable to the same Plaintiff under a negligence theory.

It is appropriate to start with an examination of the Uniform Contribution Among Tortfeasors Act, 12 P.S. §§ 2082 et seq., adopted by Pennsylvania in 1951. The following provisions are relevant to the issue before the Court:

§ 2082. *Joint Tortfeasors defined*

For the purpose of this act, the term "joint tortfeasors" means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them.

§ 2083. *Right of contribution*

(1) The right of contribution exists among joint tortfeasors;

\* \* \* \* \* \*

In commenting upon Section 2 of the Uniform Contribution Among Tortfeasors Act (12 P.S. § 2083), the Commissioner's Note at 9 Uniform Laws Annotated 235 states:

This Subsection creates the right of contribution among joint tortfeasors. It does not, in any way, qualify the creation of this right by conferring it to joint tortfeasors in any narrower sense than that indicated in Section 1 (12 P.S. § 2082). Nor does it confine contribution to merely negligent tortfeasors or to those in any other way inadvertently harming others. It per-

mits contribution among all tortfeasors whom the injured person could hold liable jointly and severally for the same damage or injury to his person or property.

This sweeping rule on the right to contribution was somewhat narrowed by Section 1(c) of the 1955 Revised Uniform Contribution Among Joint Tortfeasors Act which provides:

"There is no right of contribution in favor of any tortfeasor who has intentionally [wilfully or wantonly] caused or contributed to the injury or wrongful death."

Although Pennsylvania has not enacted Section 1(c) of the Revised Act, the identical limitation is made applicable, at least in federal courts applying Pennsylvania law, by the *Cage* case. It has been noted that the necessary implication of the *Cage* decision is that Pennsylvania would not automatically grant contribution under its Contribution Act. Beavers v. West Penn Power Company, 436 F.2d 869, 875 (3d Cir. 1971). Therefore, each type of case must be considered independently in deciding whether a right to contribution exists under the Pennsylvania statute.

There are reasons for holding that an intentional, wilful, or wanton wrongdoer has no right of contribution from one who is merely negligent. As pointed out by the Commissioner's Note to Section 1(c) of the Revised Act, a court will not aid an intentional wrongdoer in a cause of action which is founded on his own wrong. Wilful and wanton acts belong in the same category with intentional wrongs as they likewise imply moral turpitude on the part of the wrongdoer. 9 Uniform Laws Annotated, Supplement (1967) at p. 128. See *Cage*, supra, 276 F.Supp. at pp. 790–791. However, these particular policy considerations have no application in the case at bar because there is no implication of moral turpitude on the part of one who is strictly liable under § 402A. Indeed, a seller may be liable for injury caused by a defective product despite the fact that "the seller has exercised all possible care in

the preparation and sale of his product." Restatement Second of Torts, § 402A(2)(a). Therefore, a holding that no right of contribution exists between one who is strictly liable under § 402A and one who is liable on a theory of negligence must be grounded upon considerations other than the "moral turpitude" rationale of *Cage*.

■ In Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966), the Pennsylvania Supreme Court adopted § 402A which provides:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

The effect of § 402A is to relieve a plaintiff injured by a defective product from the burden of proving that the manufacturer or seller was negligent in manufacturing or selling the defective product. The plaintiff need only prove that he was injured by the defective product, and that the product was defective when it left the hands of the seller or manufacturer. The policy considerations underlying Pennsylvania's adoption of § 402A are explicated in a case companion to Webb v. Zern:

> The public interest in affording the maximum protection possible under the law to human life, health and safety; the inability to the consumer to protect himself; the seller's implied assurance of the safety of a product on the open market; the superior ability of the manufacturer or seller to distribute the risk of loss;

Miller v. Preitz, 422 Pa. 383, 419–420, 221 A.2d 320, 338–339 (concurring and dissenting opinion of Mr. Justice Roberts). These policy considerations run in favor of and are for the protection of the user or consumer injured by a defective product. There is no apparent reason why an uninjured third party whose negligence contributed to the plaintiff's injury should likewise be protected. The underlying policy of § 402A is in no way diluted by the right of the strictly liable seller or manufacturer to obtain contribution from a third party whose negligence was a proximate cause of the injury. Prior to the adoption of § 402A, the plaintiff in most product liability cases brought in trespass was required to prove that the manufacturer or seller was negligent in manufacturing or selling the defective product. Because liability was based upon negligence, the manufacturer had a right of contribution against a third party who was likewise negligent. See Duckworth v. Ford Motor Co., 320 F.2d 130, (3d Cir. 1963). Section 402A was adopted in order to afford greater protection to a user or consumer injured by a defective product by imposing strict liability upon the manufacturer or seller. It does not follow that § 402A also deprives the manufacturer or seller of his right to contribution from a third party whose negligence was a proximate cause of the injury. To hold that the right to contribution no longer exists would be an extension of the strict liability concept beyond the policy considerations upon which § 402A is founded.

For the foregoing reasons, the various motions to dismiss will be denied. An appropriate order will be entered.