Norman A. LEWIS and Mildred E. Lewis, his wife, Plaintiffs,

v.

CHEMETRON CORPORATION, Defendant, and Third-Party Plaintiff,

v.

EAZOR EXPRESS, INC., Third Party Defendant.

Civ. A. No. 76–171 Erie.

United States District Court, W. D. Pennsylvania.

April 3, 1978.

James P. Lay, III, Erie, Pa., for plaintiffs.

Joseph F. MacKrell, Erie, Pa., for Chemetron Corp.

Richard J. Mills, Pittsburgh, Pa., for third party defendant.

212

## OPINION

WEBER, Chief Judge.

Plaintiff, Norman Lewis, while employed as a truck driver by Eazor Express Company, suffered personal injuries in a single accident which occurred in Pennsylvania on December 23, 1974. Although both Norman Lewis and his wife reside in Pennsylvania, Mr. Lewis at the time of the accident was employed at Eazor's Ashtabula Ohio terminal and sometimes made deliveries into Pennsylvania.

After the accident, Eazor filed a notice of compensation payable with the Pennsylvania Department of Labor and Industry and agreed to pay Mr. Lewis the sum of $106.00 per week during recuperation. Mr. Lewis rejected this offer and filed a claim with the Ohio Bureau of Workmen's Compensation which awarded benefits to Mr. Lewis of $112.00 per week. Mr. Lewis decided to accept the more generous Ohio offer and has received payments made by Eazor through the Ohio workmen's compensation system.

Mr. Lewis and his wife then filed this lawsuit in federal district court in Pennsylvania against Chemetron Corporation. Before this accident, Mr. Lewis picked up shipments at the Chemetron Corporation's plant in Pennsylvania, and he contends that the failure of Chemetron's employees to load his trailer properly allowed the contents of the trailer to shift and caused the resulting accident. Chemetron, as a third party plaintiff, seeks joinder of Eazor, Lewis's employer, as a third party defendant.

Eazor has filed a motion for summary judgment on the grounds that Ohio law controls and bars third party lawsuits against employers. In response, Chemetron argues for the application of Pennsylvania law, which—before 1975—allowed third party lawsuits against employers for contribution.

On December 5, 1974, just seventeen days before Mr. Lewis's accident, the Pennsylvania legislature amended the Pennsylvania Workmen's Compensation Act to provide that an employer generally may not be joined in an action brought by an employee against a third party, 77 Pa.Stat. Ann. § 481(b) [1975]. The amendment did not become effective until sixty days after its passage or about February 5, 1975. This suit was filed after the effective date of the amendment. Before 1975, and at the time of the accident, Pennsylvania law provided that a third party tortfeasor who has been sued by an employee may seek contribution from an employer to the extent of the employer's liability under the Pennsylvania Workmen's Compensation Act, *Maio v. Fahs,* 339 Pa. 180, 14 A.2d 105 [1940]. The law of Ohio, on the other hand, conforms with the Pennsylvania law after the 1975 amendments and provides that a defendant may neither join nor seek contribution from the plaintiff's employer, Ohio Rev.Code § 4123.74; see *Banker's Indem. Ins. Co. v. Cleveland Hardware & Forging Co.,* 77 Ohio App. 121, 62 N.E.2d 180, *appeal dismissed,* 145 Ohio St. 615, 62 N.E.2d 251 [1945]. Eazor's motion for summary judgment depends upon whether we must apply the law of Ohio or that prevailing in Pennsylvania at the time of the accident. As a federal court sitting in Pennsylvania, on a diversity action, we are bound to apply the Pennsylvania choice of law rules. Beginning with *Griffith v. United Airlines,* 416 Pa. 1, 203 A.2d 796 [1964], Pennsylvania courts have applied the rule of Restatement, Second, of Conflict of Laws § 145 which states that in a tort action, the rights and liabilities of the parties are determined by the local law which has the most significant relationship to the occurrence or to the parties. To determine which law has the most significant relationship, the court is instructed to consider: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, place of incorporation, or the place of the business of the parties; and the place where the relationship between the parties is centered. In weighing each of these factors, the court should consider the relative importance of each to the particular issue under litigation.

Three states are factually involved in this case: Pennsylvania, Ohio, and Delaware. Pennsylvania is where the accident occurred, where the plaintiffs reside, and where Eazor is incorporated. Ohio, where Mr. Lewis is employed, is the state under whose workmen's compensation system the plaintiffs have received benefits. Eazor does business in both Pennsylvania and Ohio. Chemetron is incorporated in Delaware.

The law does not require us to apply the law of the state whose contacts are the most numerous, but rather demands a sensitivity to the relative importance of each of the several contacts to the substantive policy of workmen's compensation. Our efforts to assign weights to the variety of contacts presented here are guided by the analysis of the Pennsylvania Supreme Court in *Elston v. Industrial Lift Truck,* 420 Pa. 97, 216 A.2d 318 [1966], which this Court followed in *Madrin v. Wareham,* 344 F.Supp. 166 [W.D.Pa.1972]. The choice of law question presented in *Elston* involved a division of contacts between Pennsylvania and New Jersey. The plaintiff was a Pennsylvania resident and was injured while operating a fork-lift truck at his employer's New Jersey plant. The plaintiff received workmen's compensation benefits through New Jersey, and sued the manufacturer of the fork-lift truck, which was a Pennsylvania corporation doing business in Philadelphia. The manufacturer, like Chemetron in the instant case, brought a third party complaint against the plaintiff's employer.

In *Elston,* as in the instant case, whether an employer could be joined depended upon the law of the state whose interest was controlling. The two states involved in *Elston* were Pennsylvania and New Jersey. The law of New Jersey, like that of Ohio, barred a third party tortfeasor from joining and claiming contribution from the plaintiff's employer. The law of Pennsylvania at that time allowed recovery by a third party tortfeasor to the extent of the employer's liability under Workmen's Compensation law.

In weighing the factual involvements of both New Jersey and Pennsylvania, the court concentrated on the fact that the plaintiff had received workmen's compensation benefits through the New Jersey system. After discussing the legal policies underlying the conflicting legal rules on employer contribution, the court determined that the receipt of workmen's compensation benefits through the offices of a particular state gave that state an overriding interest of controlling importance with respect to the choice of law question. The court found guidance in reaching this conclusion from Restatement, Second, Conflict of Laws § 184(a) (1971), which provides in part:

> Recovery for tort . . . will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of state under which the defendant is required to provide insurance against the particular risk and under which
>
> (a) the plaintiff has obtained an award for the injury . . .

The court reasoned that to deny an employer the immunity from contribution granted him by the workmen's compensation system of another state, through which the employer has already paid the plaintiff, would frustrate the efforts of that state's legislature to allocate the costs of industrial accidents and to predict future costs in a particular way. Accordingly, the court applied the law of New Jersey and denied joinder of the plaintiff's employer on the grounds that, because the plaintiff in *Elston* had received benefits under the New Jersey system, its "workmen's compensation program is most significantly involved and [New Jersey is] the state, therefore, with the most significant interest in the application of its policies," 216 A.2d at 324.

Since the plaintiff in the instant suit has received payments under the Ohio workmen's compensation system, we are compelled by *Elston,* and guided by the Restatement, to apply the law of Ohio and to dismiss with prejudice the third party complaint against Eazor Express, Mr. Lewis's employer.

The conclusion we reach by applying *Elston* is consonant with the present trends of Pennsylvania law. If Mr. Lewis's accident

had occurred just two months later, after the effective date of the Pennsylvania's legislature's amendments to the Workmen's Compensation law which bar third party suits against employers, a conflict of laws question would not confront use because the laws of Ohio and Pennsylvania would be the same. Further, a Pennsylvania intermediate appellate court has applied the amendment to accidents which occurred before its enactment, where the suit was filed after the effective date of the amendment, see *Bell v. Koppers Co.,* —— Pa.Super. ——, 384 A.2d 980 (February 15, 1978) (per curiam), affirming the Court of Common Pleas of Allegheny County, No. C.D. 76–18907, March 20, 1977.

The motion of third party defendant will be granted. We note the possibility of other issues arising which call for consideration of foreign law, and remind the parties that not all such issues in tort litigation necessarily involve the same choice of law. See *Madrin v. Wareham,* supra at 169; Restatement, Second, Conflict of Laws § 173, comment a (1971).