611 A.2d 1307

**Francis X. DAVISH, Appellee**

v.

**Wade GIDLEY and Douglas Lartz and Julie Lartz.**

**Appeal of NEW JERSEY MANUFACTURERS INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 21, 1992.

Filed July 24, 1992.

146

Louis A. Bove, Philadelphia, for appellant.

Timothy W. Stalker, Yardly, for Davish, appellee.

Before ROWLEY, President Judge, and MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge.

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, which denied New Jersey Manufacturers Insurance Company's petition to intervene. Herein, appellant seeks to intervene in appellee Francis X. Davish's third-party action in order to assert its statutory right of subrogation as set forth in the New Jersey Workers' Compensation Act, N.J.S.A. §§ 34:15–1 *et seq.* However, Appellee contends the lower court properly determined that the law of Pennsylvania controlled and, therefore, properly disallowed intervention pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.

C.S.A. § 1720, which prohibits subrogation of workers' compensation benefits from a claimant's tort recovery. Although the lower court originally denied appellant's petition to intervene, in its Pa.R.A.P. 1925 opinion, the lower court candidly admits it erred in denying appellant's petition to intervene and, upon reflection, would permit intervention. We agree with the lower court's more recent assessment of the case, and, upon remand for trial, we direct the lower court to permit appellant to intervene.[1]

The record reveals the following facts: Appellee, a resident of Pennsylvania, was an employee of Starr Transit Company, a New Jersey corporation with its principal place of business in Trenton, New Jersey. Starr Transit operated a depot in Philadelphia County where appellee reported to work each day. On July 3, 1987, while engaged in the course of his employment, appellee was involved in a motor vehicle accident in Pennsylvania.

Appellant is a duly organized and licensed insurance company with its principal place of business in West Trenton, New Jersey. At all relevant times hereto, appellant was the workers' compensation carrier for appellee's employer. Following the accident, appellee sought workers' compensation benefits pursuant to the New Jersey Workers' Compensation Act, N.J.S.A. § 34:15-1 *et seq.*, and was awarded temporary and permanent disability benefits and

1. In *Van Den Heuval v. Wallace,* 382 Pa.Super. 242, 245, 555 A.2d 162, 163 (1989), we stated: "Although an order denying a Petition to Intervene is generally deemed interlocutory, where the practical effect of such an Order is the denial of relief to which an intervenor is entitled and which he can obtain in no other way, the Order is appealable." (Citations omitted). In *Van Den Heuval, supra,* we concluded that an out-of-state workmen's compensation carrier was entitled to be subrogated in the third-party action to the extent of the workmen's compensation benefits which it had paid. In so deciding, we noted that it was unrealistic to suggest that the carrier's interest could be protected by a subsequent action against Van Den Heuval in a different forum. In regard to the issue of whether the present appeal is interlocutory, *Van Den Heuval, supra,* is directly on point and factually indistinguishable from the case *sub judice.* Thus, we find that the present action is properly before us.

all medical expenses.[2] To date, appellant has paid approximately \$41,379.19 to appellee under the provisions of the New Jersey Workers' Compensation Act. Significantly, appellee could have chosen to apply for workmen's compensation benefits pursuant to the Pennsylvania Workmen's Compensation Act, 77 Pa.S.A. § 1 *et seq.*, but chose to pursue the greater recovery offered under the New Jersey Workers' Compensation Act, N.J.S.A. § 34:15–1 *et seq.*[3]

After recovering his New Jersey workers' compensation benefits, appellee filed suit in Pennsylvania against the tortfeasors involved in the motor vehicle accident. Appellee then sought to intervene in the action in order to protect its statutory right of subrogation guaranteed under New Jersey Law. N.J.S.A. § 34:15–40. The lower court denied the petition on the basis that subrogation is not permitted under Pennsylvania law, citing 75 Pa.C.S.A. § 1720. This appeal followed.[4]

■ The issue before us is whether New Jersey or Pennsylvania law should be applied in determining appellant's right to subrogation. *Allstate v. McFadden*, 407 Pa.Super. 537, 539, 595 A.2d 1277, 1278 (1991). *See e.g., Van Den Heuval*, 382 Pa.Super. 242, 555 A.2d 162; *Myers v. Commercial Union Assurance Companies*, 319 Pa.Super. 21, 465 A.2d 1032 (1983). In a conflict-of-law case, the law to be applied is that of the state having the more significant contacts with the matter in dispute. *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964); *McFadden*, 407 Pa.Superior Ct. at 542, 595 A.2d at 1279; *Myers*, 319 Pa.Su-

2. Appellee was represented by counsel at the time of his application for workers' compensation benefits in New Jersey.

3. In general, under Pennsylvania law, an injured employee may recover 66⅔% of his wages for total disability during the duration of his disability. 77 Pa.S.A. § 511. For a partial disability, a Pennsylvania employee is entitled to 66⅔% of the difference between his wages and the "earning power" of the employee after his disability, during the duration of his disability. 77 Pa.S.A. § 512. In New Jersey, an employee is entitled to 70% of his wages for his disability, total or partial, for the duration of his disability. N.J.S.A. § 34:15–12.

4. As previously noted, the lower court, in its Pa.R.A.P.1925 opinion, concluded it had erred and, upon reflection, would grant the petition to intervene, citing *Van Den Heuval, supra.*

perior Ct. 26, 465 A.2d at 1035. Under Pennsylvania's choice-of-law standard, the jurisdiction having more interest in the problem and which is more intimately concerned with the outcome, is the forum whose law should apply. *McFadden*, 407 Pa.Superior Ct. at 537, 595 A.2d at 1277, citing *Spratley v. Aetna Casualty & Surety Co.*, 704 F.Supp. 595 (E.D.Pa.1989). Under the most significant contacts rule, the paramount consideration is: "... an analysis of the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law." *McSwain v. McSwain*, 420 Pa. 86, 94, 215 A.2d 677, 682 (1966).

Instantly, looking at the interests and contacts of New Jersey, we find that New Jersey has a significant interest in payments under its Workers' Compensation Law and the subrogation by New Jersey employers to monies paid to its employees by third-party tortfeasors. In addition, the employer in this case is a New Jersey corporation, although it regularly conducts business in Pennsylvania. Most significantly, Appellee elected to recover workers' compensation benefits pursuant to the more favorable New Jersey Workers' Compensation Law.

Pennsylvania, on the other hand, has an interest in enforcing its Motor Vehicle Financial Responsibility Law which does not permit subrogation of workers' compensation benefits. In addition, appellee and two of the alleged tortfeasors are residents of Pennsylvania, and the accident occurred in this state. Although appellee is employed by New Jersey corporation, he reports to his job at his employer's depot located in Pennsylvania and works primarily within Pennsylvania.

We recognize that this court has previously held that the state where the workers' compensation policy is regulated is the state with more significant contacts regarding workers' compensation subrogation. See *McFadden*, 407 Pa.Superior Ct. 542, 595 A.2d at 1279; *Van Den Heuval, supra; Myers, supra; Lewis v. Chemetron Corp.*, 448 F.Supp. 211,

213 (W.D.Pa.1978). Following those decisions, we find that New Jersey is the state with the most significant interest in determining the right of a New Jersey employer to subrogate where it has made workers' compensation payments to a Pennsylvania employee pursuant to the New Jersey Workers' Compensation Law. Instantly, neither appellee's residency in Pennsylvania nor the accident's situs in this Commonwealth is an overriding consideration. The fact that the accident occurred in Pennsylvania merely triggered appellee's right to workers' compensation under either the New Jersey Workers' Compensation Law or the Pennsylvania Workmen's Compensation Law. We must remember that, "The law does not require us to apply the law of the state whose contacts are most numerous, but rather demands a sensitivity to the relative importance of each of the several contacts to the substantive policy of workmen's compensation." *Lewis*, 448 F.Supp. at 213, citing *Elston v. Industrial Lift Truck*, 420 Pa. 97, 216 A.2d 318 (1966). Significantly, appellee made his own choice of law when he elected to collect workers' compensation benefits under New Jersey law. Accordingly, we conclude that appellant should be permitted to intervene in order to protect its statutory right of subrogation.

Having determined that appellant is permitted to intervene in order the protect its subrogation rights, we must also comment upon what damages appellee is entitled to collect. In general, the purpose of subrogation is to preclude a double recovery by the claimant. See *Lattimer v. Boucher*, 189 N.J.Super. 33, 39, 458 A.2d 528, 530 (1983). In New Jersey, double recovery is prevented by granting the right of subrogation to the workers' compensation carrier from a claimant's tort recovery in a motor vehicle case. In New Jersey, the injured party can recover for medical expenses and lost wages from the third-party tortfeasor.

On the other hand, Pennsylvania prevents a double recovery in a manner quite different from that of New Jersey. While a workmen's compensation carrier has absolutely no right of subrogation from a claimant's tort recov-

ery under the MVFRL, 75 Pa.C.S.A. § 1720, the claimant, in an action for damages from the third-party tortfeasor arising out of a motor vehicle accident, is "precluded from recovering the amount of benefits paid or payable under ... workers' compensation[.]" 75 Pa.C.S.A. § 1722. See *Postorino v. Schrope,* 736 F.Supp. 639 (E.D.Pa.1990) (pedestrian who was injured in motor vehicle accident in course of his employment and whose medical expenses and lost wages were paid through workers' compensation was foreclosed from introducing medical expense and wage loss evidence in tort action by operation of 75 Pa.C.S.A. § 1722). Thus, in the ordinary case, appellee would be precluded from recovering the amount of his workers' compensation benefits in this third-party tort action, pursuant to 75 Pa.C.S.A. § 1722. However, since we have determined that appellant is permitted to intervene in order to protect its subrogation rights guaranteed by New Jersey law, we must permit appellee to plead and prove his wage loss and medical expense damages in accordance with New Jersey law. Although such a ruling is in conflict with 75 Pa.C.S.A. § 1722, to rule otherwise would entitle appellant to subrogate that which appellee would not be permitted to recover.

Order denying intervention reversed. Case remanded for further proceedings in accordance with the provisions of this opinion.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting.

Instantly, this court is required to determine whether the laws of this state or New Jersey apply to an action initiated by the plaintiff-employee to recover damages for injuries allegedly caused by third-party tortfeasors. Specifically, we must determine whether the right of subrogation provided for by the New Jersey Workers' Compensation Act or the prohibition against subrogation set forth in the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. § 1701 *et seq.,* applies to the instant dispute. To resolve this question, we must analyze the policies and

interests that underlie the dispute and then determine which state has the greatest interest in having its law applied to the case. *Griffith, supra.* Although the majority has conducted such an analysis, I find that its decision is contrary to Pennsylvania law and therefore, I must respectfully dissent.

Under New Jersey law, an employer is subrogated to any monies recovered by its employee from a third-party tortfeasor who is legally responsible for the employee's injury. N.J.S.A. 34:15–40. The reason New Jersey allows subrogation is to guarantee that an injured employee receives only a single recovery for his injuries. *Lefkin v. Venturini,* 229 N.J.Super. 1, 550 A.2d 985 (1988).

When an employee is injured in a work-related motor vehicle accident, the employee could theoretically seek reimbursement for his economic injuries from his employer, a motor vehicle insurance policy or by bringing a civil action against the tortfeasor. New Jersey addresses this factual situation via a reimbursement scheme which precludes recovery under the motor vehicle insurance policy and allows the plaintiff-employee to seek a full recovery from the third-party tortfeasor subject only to the workers' compensation lien of the employer. *Lefkin, supra.* Thus, the employee is compensated for his injuries, but by way of a single recovery.

Under Pennsylvania law, an injured employee is also limited to a single recovery. However, our compensation scheme differs significantly from the system adopted by New Jersey.

In Pennsylvania, our legislature has put into place a compensation scheme which requires that workers' compensation and motor vehicle insurers bear the primary burden of providing compensation for economic loss. 75 Pa.C.S.A. § 1722. Therefore, the plaintiff-employee can seek compensation from the tortfeasor only for such injuries not recoverable under workers' compensation or by the provisions of the MVFRL. *Id.* Thus, the workers' compensation insurer's statutory right of subrogation has been abrogated to

assure a full recovery for an injured employee. 75 Pa. C.S.A. § 1720. *Compare* 77 P.S. § 671 (employer subrogated to rights of employee when injury caused by a third party).

From the above discussion, it is apparent that the policy of both compensation schemes is to allow the plaintiff-employee a full but single recovery. Therefore, a conflict does not exist with regard to appellant's right to subrogation. Rather, the true conflict before us is who should bear primary responsibility for the economic losses suffered by the plaintiff-employee; the New Jersey employer or the Pennsylvania tortfeasors.[1]

Here, the plaintiff-employee, as well as the tortfeasors, are Pennsylvania residents. Pennsylvania is also the situs of the accident. The only connection this case has with New Jersey arises from the plaintiff-employee's decision to assert a workers' compensation claim under New Jersey law. Under these facts, I fail to understand how this court can find that New Jersey's interest in allowing a full recovery from a tortfeasor can prevail over our interest in limiting the recovery available from third-party tortfeasors. Therefore, I would deny appellant's petition to intervene.

In reaching this decision, I am mindful of this court's decisions in *Van Den Heuval, supra* and *Myers, supra* which allowed an out-of-state workers' compensation carrier to intervene in a suit brought in this state to recover for injuries incurred during an automobile accident. Although this court allowed the carriers to intervene, the result reached in each case is specific to the facts of that case. Neither case stands for the broad proposition that an out-of-state workers' compensation insurer has an absolute right

1. The majority does not address this pivotal issue, but focuses its discussion on appellant's right of subrogation and the plaintiff-employee's right to be fully compensated for his injuries. What they do not consider is the impact their decision will have on the tortfeasors. The majority requires that the tortfeasors bear the burden of providing the plaintiff a full recovery. Not only is this result not dictated by Pennsylvania's choice-of-law standard, it directly contravenes the express mandates of the MVFRL. 75 Pa.C.S.A. § 1722.

to intervene in a Pennsylvania civil action. To the contrary, these cases require that we analyze the interests of the foreign workers' compensation law, our own state's interest in the dispute and then determine which law is applicable to the facts before us. Thus, I do not feel constrained to follow the result reached in either *Van Den Heuval* or *Myers.*[2]

Accordingly, I would affirm the order of the trial court denying appellant's petition to intervene.

**2.** I agree with the holdings of these cases which recognize the interest that our sister states have in administering their workers' compensation system. However, I feel that this court must also keep in mind that the purpose of the MVFRL is to ensure that injured parties are afforded a complete recovery for their losses. *Walters v. Kamppi,* 118 Pa.Commw. 487, 545 A.2d 975 (1988), *alloc. denied,* 520 Pa. 622, 554 A.2d 513 (1989).