**James D. and Deidre O'MALLEY,
Plaintiffs,**

v.

**VILSMEIER AUCTIONS CO.,
et al., Defendants.**

**No. Civ.A. 97–2334.**

United States District Court,
E.D. Pennsylvania.

Dec. 8, 1997.

Adrian R. Reid, Gregory F. Sciolla, Leonard, Tillery and Sciolla, Philadelphia, PA, Brian S. Paszamant, Leonard, Tillery and Sciolla, Philadelphia, PA, for Plaintiffs.

Jay L. Solnick, Zarwin, Baum, DeVito, Kaplan, and O'Donnell, Philadelphia, PA, Joseph M. Toddy, Zarwin, Baum, DeVito, Kaplan & O'Donnell, P.C., Philadelphia, PA, for Defendnats.

## ORDER and MEMORANDUM

KATZ, District Judge.

AND NOW, this 8th day of December, 1997, upon consideration of Plaintiff's Motion in Limine to Preclude Defendants from introducing Evidence Regarding or Otherwise Mentioning Plaintiff James D. O'Malley's, Election of Insurance Coverage at Trial, and the response thereto, it is hereby **OR-DERED** that the said motion is **GRANTED** in part and **DENIED** in part. Plaintiffs shall be allowed to present evidence on and recover for their economic damages, but plaintiffs must prove a serious injury to recover pain and suffering damages.

*Introduction*

The issue disputed in this motion is at its core a two-pronged choice of law problem.

Plaintiffs are residents of New York, and defendant is a Pennsylvania corporation. The accident that is the subject of this case occurred in Pennsylvania, when a car carrying sound equipment through defendant's auction grounds backed into plaintiff James O'Malley. At issue in this motion is whether plaintiffs are allowed to recover either economic damages or pain and suffering damages, or whether provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL) should be applied to preclude or burden such recovery.

*Choice of Law Rules*

■■■ A federal court applies the choice of law rules of the state in which it sits. *See Klaxon v. Stentor Elec. Mfg.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *LeJeune v. Bliss–Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir.1996). A preliminary step of engaging in Pennsylvania's choice of law analysis is that the court must determine whether a true conflict actually exists. Three outcomes are possible. First, if the law of either jurisdiction may be applied without impairing the governmental interests whose law is not being applied, no conflict exists and the court should apply the law of the forum. Second, if only one of the two jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law, a "false conflict" arises and the court applies the law of the jurisdiction whose interests would be harmed otherwise. Third, a true conflict arises only if, no matter which jurisdiction's law is applied, the governmental interests of the other jurisdiction would be impaired. *See Austin v. Dionne*, 909 F.Supp. 271, 274 (E.D.Pa.1995). If a true conflict is present, then Pennsylvania court apply a choice of law system that combines elements of both the governmental interest approach and the significant contacts test. *See Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964).

*Economic Damages*[1]

Defendants argue that, as required under Pennsylvania law, plaintiffs should be pre-

---

1. Plaintiffs' motion focuses only on the question of their ability to recover pain and suffering damages without proving a serious injury and

does not address this issue. The court will address the economic damages issue, however, because it is clearly raised in Defendant's Trial

cluded from submitting evidence on or recovering for their economic losses (i.e., medical bills and wage losses) that have been paid or are payable by another source, as that is the rule under § 1722 of the MVFRL. *See Carlson v. Bubash,* 432 Pa.Super. 514, 639 A.2d 458 (1994), *alloc. denied,* 540 Pa. 592, 655 A.2d 982 (1995). This statutory abrogation of the common law collateral source rule is designed to prevent double recovery by accident victims. See *Davish v. Gidley,* 417 Pa.Super. 145, 611 A.2d 1307, 1310 (1992). The New York statutory scheme has that same goal, but uses the mechanism of subrogation to reach it. Section 5104(b) of New York's Comprehensive Motor Vehicle Insurance Reparations statute provides that an insurer who pays or who is liable for first party benefits has a lien against any recovery by its insured. *See* N.Y. Ins. Law § 5104(b) (McKinney 1997). Whether plaintiffs recover such damages in this case or not, then, they will not in the end have received a double recovery. The only question is whether Pennsylvania's or New York's statutory scheme should be used to effect that result.

■ In *Smith v. Klein's Bus Service, Inc.,* 1997 WL 67729 (E.D.Pa.1997), the court resolved this issue in the appropriate way. In that case, as in the present case, plaintiff was an out-of-state resident suing a Pennsylvania corporation for damages incurred in a motor vehicle accident, and defendant argued that plaintiff should be precluded under MVFRL § 1722 from pleading, proving, or recovering medical expenses *Id.* at *1. The court there pointed out that § 1722 must work together with the MVFRL provision that eliminates subrogation, § 1720. Because "[ § ] 1720 cannot forbid out-of-state insurers from obtaining subrogation from their out-of-state insureds," § 1722 cannot be applied to benefits recoverable by out-of-state insurers. *Id.* (citing *Browne v. Nationwide Mut. Ins. Co.,* 449 Pa.Super 661, 674 A.2d 1127 (1996)). Thus, § 1722's preclusion of proving or recovering economic damages does not apply to this case which involves a non-Pennsylvania plaintiff with a non-Pennsylvania insurer.

There is thus no conflict because the Pennsylvania law on its fact cannot be applied.

*Non–Economic Damages*

Both New York and Pennsylvania have limited tort liability provisions in their respective motor vehicle insurance statutes. Under the Pennsylvania MVFRL, an insured who elects the limited tort option relinquishes his or her chance to sue a tortfeasor for non-economic, pain and suffering damages unless the injury is "serious," in return for paying lower premiums. *See* 75 Pa. Cons .Stat.Ann. § 1705; *see also* 75 Pa.Cons. Stat.Ann. § 1702 (defining "serious injury" as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement"). The New York Comprehensive Motor Vehicle Insurance Reparations statute sets forth the same rule: for a person electing New York's parallel limited tort option, "there shall be no right of recovery for non-economic loss, except in the case of a serious injury." N.Y. Ins. Law § 5104(a) (McKinney 1997). Moreover, the stated purpose of both laws is the same: to assure prompt compensation for economic loss for accident victims, to eliminate the vast majority of auto accident negligence suits, and to provide substantial insurance premium savings to motorists. *See Donnelly v. Bauer,* 453 Pa.Super. 396, 683 A.2d 1242, 1244 (1996), *alloc. granted,* 548 Pa. 627, 693 A.2d 967 (1997); *Thomas v. Hanmer,* 109 A.D.2d 80, 489 N.Y.S.2d 802, 805 (1985).

At first blush, then, it would seem that the two statutes present no conflict. The difficulty arises, however, because the New York statute applies to cases dealing with "personal injuries arising out of negligence in the use or operation of a motor vehicle in *this state.*" N.Y.Ins.Law § 5104(a) (emphasis added). Plaintiffs argue that neither statute applies to them in this case: because the accident did not occur in New York, the New York statute does not apply; because they are not persons covered under the Pennsylvania statute, the Pennsylvania law does not apply. Plaintiffs' argument continues that since nei-

Brief, to which plaintiffs state their motion is in response, and the parties have submitted contra-

dictory jury instruction on this point which make it clear that the point is in dispute.

ther limiting statute applies, they are allowed to recover pain and suffering damages without having to prove that the injury Mr. O'Malley suffered was serious.

    ■ In applying the identical language of the statute that was the predecessor to § 5104, a New York court ruled that "as a statute which abrogates a common-law right, [the law] must be strictly construed, and as so construed, the section does not purport to regulate actions for personal injury arising out of the negligent use or operation of a vehicle outside this State." *Morgan v. Bisorni,* 100 A.D.2d 956, 475 N.Y.S.2d 98, 100 (1984). Yet when faced with a case in which applying § 5104 to an out-of-state accident benefited a New York plaintiff, the New York court did apply it. See *Thomas v. Hanmer,* 109 A.D.2d 80, 489 N.Y.S.2d 802, 803–806 (1985). The lesson of Thomas is that when it furthers the statute's policy to apply § 5104(a) to an accident occurring out of state (in that case allowing plaintiff to recover pain and suffering damages if they could prove the injury was serious, as compared to Ontario's law of disallowing pain and suffering damages altogether), New York courts do not allow the literal reading of "in this state" to strictly limit the statute's out-of-state applicability.

Because under either New York's or Pennsylvania's statutory scheme plaintiff must prove a serious injury to recover non-economic damages, and the interests of each state's policy are served equally by the application of either statute, there is no conflict between the two laws. Therefore, the law of Pennsylvania shall apply and plaintiff shall plead and prove that his injury was serious in order to recover non-economic damages.[2]

2. If choice of law analysis were pursued, Pennsylvania law would be chosen. As explained in *Lopez v. USAIR, Inc.,* 1990 WL 175653, at *1 (E.D.Pa.1990), "To effect the legislative purpose, the MVFRL should be applicable whenever the injured party or the tortfeasor has significant contacts with Pennsylvania, and, in addition, when the accident occurred in Pennsylvania." Even a New York court would choose to apply Pennsylvania law on the facts presented. *See*

*McCann v. Somoza,* 933 F.Supp. 362, 366 (S.D.N.Y.1996) (explaining that rules governing an accident victim's ability to sue for non-economic damages is a loss-allocating rule, and thus New York follows the rule that where the accident occurred in a state in which only one of the parties is domiciled, and the law of that state favors that party, the law of that state will generally apply).