639 A.2d 458

**R. Bruce CARLSON, Appellant,**

**v.**

**James R. BUBASH, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1994.

Filed Feb. 7, 1994.

Reargument Denied April 11, 1994.

Matthew R. Wimer, Pittsburgh, for appellant.

Dara A. DeCourcy, Pittsburgh, for appellee.

Before CAVANAUGH, CIRILLO and MONTGOMERY, JJ.

CAVANAUGH, Judge:

Appellant, R. Bruce Carlson, appeals from an order denying his motion for new trial. He contends that the trial court erred by: (1) characterizing the jury's award as a permissible compromise verdict; (2) ruling that the 1990 amendment to 75 Pa.C.S.A. § 1722 precludes the admission into evidence of medical bills and expenses for the purpose of showing the extent of pain and suffering; and (3) instructing the jury not to consider the amount of his medical expenses when no such evidence was introduced at trial. For the reasons discussed below, we affirm.

In the early morning hours of April 6, 1991, appellant was sitting in his car at the apartment complex where his former girlfriend resided awaiting her return. Eventually, she returned accompanied by appellee, James R. Bubash. After she got out of appellee's car, appellant approached the passenger-side window. Words were exchanged and appellee accelerated his vehicle. Appellant either leaned or was pulled into appellee's passenger window, became entangled therein, and eventually fell from the vehicle as it was moving. He suffered multiple injuries including lacerations to the face, a multiple wrist fracture, a fracture of the frontozygomatic suture line and frontal wall of the sinus, and a fractured eye socket.

On September 3, 1991, appellant filed a complaint in Allegheny County alleging that his injuries were proximately caused by the negligence of appellee. Appellee denied liability while admitting that appellant's injuries were sustained by a fall from his car.

Pursuant to 75 Pa.C.S.A. § 1722, appellee filed a motion *in limine* seeking to preclude appellant from introducing evidence of medical expenses paid or payable by his insurer. Appellee's motion was granted.

After a three day trial, the jury returned a verdict by answering special interrogatories. Both parties were found

causally negligent with 55% causation assigned to the negligence of appellee, 45% to appellant. Damages of $7,500 were awarded and the court molded the verdict to reflect the assignment of causation. Appellant's motion for new trial was denied and judgment was entered on July 19, 1993. This appeal followed.

Appellant first contends that he is entitled to a new trial because the court erred in characterizing the jury's award as a permissible compromise verdict. Our standard of review in this matter is well-settled:

> 'Where the trial court *grants* a new trial on the ground of inadequacy the appellate courts will not interfere in the absence of a gross abuse of discretion. When the trial court *refuses* relief against an allegedly inadequate verdict the appellate court *will exercise even greater caution in reviewing* its action. The function of determining whether a jury's verdict is arbitrary and capricious lies with the trial court, and its decisions will not be set aside in the absence of clear error of law or palpable abuse of discretion. While the appellate court will review the entire record to determine whether an inadequate and unjust verdict has occurred, it is justified in declaring the lower court guilty of such an abuse of discretion only if it is clearly convinced by the record that the jury was influenced by partiality or some misconception of the law or the evidence.'

*Dawson v. Fowler,* 384 Pa.Super. 329, 332–33, 558 A.2d 565, 566 (1989) (quoting *Gudat v. Heuberger,* 275 Pa.Super. 535, 539–40, 419 A.2d 30, 32 (1980)) (citations omitted) (emphasis in the original).

> 'The amount of a jury verdict will rarely be held inadequate on appeal. Moreover, we emphasize that it is the province of the jury to assess the evidence and to accept or reject conflicting testimony given by witnesses. Even if testimony is uncontradicted, the jury is not required to accept everything or anything a party presents.'

*Gallagher v. Marguglio,* 429 Pa.Super. 451, 454, 632 A.2d 1309, 1311 No. 00818, slip op. at 3 (1993) (quoting *Dawson,* 384 Pa.Super. at 333, 558 A.2d at 567).

In *Dawson, supra,* appellant's motorcycle collided with appellee's car. A jury found both parties 50% causally negligent and returned a verdict of $382 (which was the total medical bill) in favor of appellant. On appeal, appellant argued that the verdict was inadequate because it did not account for lost wages and pain and suffering. Therefore, he claimed he was entitled to a new trial. This court affirmed the order denying his motion for new trial and summarized the law in this area as follows:

> We have declared that seemingly low and unfair jury verdicts are nevertheless adequate when the jurors are presented with conflicting testimony on *liability,* contributory negligence, or degree of injury. Instantly, liability was contested.... We hold that notwithstanding a finding of comparative negligence, when *liability* is contested and conflicting testimony is presented, compromise verdicts are permissible to establish an amount that the jury determined would justly compensate a plaintiff for his loss.

*Dawson,* 384 Pa.Super. at 333–34, 558 A.2d at 567 (citing *Deitrick v. Karnes,* 329 Pa.Super. 372, 478 A.2d 835 (1984)) (emphasis added). *See Guidry v. Johns–Manville Corporation,* 377 Pa.Super. 308, 547 A.2d 382 (1988) (low verdict in product liability action on behalf of deceased asbestosis sufferer did not warrant a new trial where there was conflicting evidence as to the cause of death; nominal award could be explained as a permissible compromise verdict).

In the instant case, as in *Dawson,* liability was contested. Specifically, there was conflicting testimony as to whether appellant jumped into appellee's car or whether he was somehow pulled into the car as it accelerated. Thus, the issue of causation was left to the jury which was free to accept or reject the evidence. *See Phillips v. Schoenberger,* 369 Pa.Super. 52, 534 A.2d 1075 (1987).

In reaching our conclusion, we reject appellant's reliance on *Deitrick v. Karnes, supra,* to support his argument that the "nominal" award in this case does not constitute a compromise verdict as a matter of law.

*Deitrick* was a negligence action resulting from a boating accident in which appellant was injured. A jury concluded that both parties were 50% causally negligent and awarded appellant $500 for lost wages and pain and suffering. Appellant's wife, also a party to the suit, was awarded nothing for loss of consortium. On appeal, the order denying appellant's motion for new trial was reversed due to an inadequate verdict. This court concluded that the $500 verdict amounted to little more than nonrecovery in light of the *uncontradicted* evidence on the issue of damages. Due to the uncontradicted damages evidence, the verdict could not be considered a compromise and the nominal award was "shocking."

As to the core issue of whether or not there is a conflict between *Deitrick* and *Dawson* concerning the legal propriety of a compromise verdict in a comparative negligence case, there does appear to be a facial conflict between these two cases. However, *Deitrick* specifically opined that it was not necessary to decide whether compromise verdicts remain permissible under the comparative negligence doctrine whereas *Dawson* specifically held that compromises are permissible when liability is contested and conflicting testimony is presented. *Dawson,* 384 Pa.Super. at 334, 558 A.2d at 567.

There would seem to be merit in the argument that once a jury has passed on comparative negligence (which impacts on the amount of a verdict) that a further compromise in the *amount* of the verdict should be impermissible on the theory that any compromise has already taken place. Although *Dawson* did not give a rationale for its clear cut holding to the contrary, we suggest that as to the present case one might go as follows: If a jury is being given the right to compromise a verdict, it should not be limited to a mathematical allocation of negligence components but should further extend to the award of reparations. That is, given the jury's power of compromise, it should not be judicially restricted short of irrationality.

Thus, it would seem that, in a case such as this where the plaintiff's conduct was at least adventuresome, if not overtly confrontational, we would find it altogether appropriate and reasonable for the jury to exercise its power of compromise on the amount of the verdict as well as the comparative negligence determination.

We, thus, conclude that there is no merit to appellant's argument that the verdict in this case represents an impermissible compromise.

Appellant next challenges the propriety of the grant of the motion *in limine* in favor of appellee which precluded the introduction into evidence of medical bills and expenses. Appellant argues that the amended version of 75 Pa.C.S.A. § 1722 evidences legislative intent to admit his medical bills and expenses for the purpose of showing the extent of pain and suffering. We disagree.

Prior to amendment in 1990, § 1722 read as follows:

In any action for damages against a tortfeasor arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits ... *shall be precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable....*

As amended, § 1722 reads:

In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits ... *shall be precluded from recovering the amount of benefits paid or payable....*

75 Pa.C.S.A. § 1722 (emphasis added).

There do not appear to be any cases interpreting § 1722 with regard to this issue. Nevertheless, we do not find that deletion of the words "pleading" and "introducing into evidence" from the amended version necessarily allows the introduction of medical bills and expenses to show the extent of pain and suffering. Moreover, there is nothing to suggest

that a court would err in refusing to admit medical bills as evidence of special damages.

Section 1722 abolished the practice which allowed a plaintiff to recover first-party insurance benefits from his insurer as well as special damages from the tortfeasor. Although appellant sought to introduce his medical bills and expenses to show the extent of his pain and suffering, there is no evidence that the jurors were sophisticated in translating special medical damages into general damages. Therefore, the introduction of such evidence might only serve to confuse the jury and prejudice appellee.

In *Martin v. Soblotney,* 502 Pa. 418, 466 A.2d 1022 (1983), our Supreme Court addressed the issue of whether the since-repealed Pennsylvania No-fault Motor Vehicle Insurance Act[1] permitted the introduction of medical bills as evidence of pain and suffering. The Court ruled that the amount of money expended on medical treatment and related expenses has no relevance or correlation to the extent of pain and suffering:

> It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury. First, the mere dollar amount assigned to medical services masks the difference in severity between various types of injuries. A very painful injury may be untreatable, or, on the other hand, may require simpler and less costly treatment than a less painful one. The same disparity in treatment may exist between different but equally painful injuries. Second, given identical injuries, the method or extent of treatment sought by the patient or prescribed by the physician may vary from patient to patient and from physician to physician. Third, even where injury and treatment are identical, the reasonable value of that treatment may vary considerably depending upon the medical facility and community in which care is provided and the rates of physicians and other health care personnel involved. Final-

---

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 *et seq.* (repealed).

ly, even given identical injuries, treatment and cost, the fact remains that pain is subjective and varies from individual to · individual.

Thus the fact that a particular amount of money was expended to treat an injury bears no logical correlation to the degree of pain and suffering which accompanied the injury to the plaintiff in question, forces the conclusion that such evidence possesses no probative value in a determination as to the appropriate monetary compensation to be awarded. Evidence of the cost of medical services is therefore irrelevant and, consequently must be held to be inadmissible for that purpose.

*Id.* at 423, 466 A.2d at 1025.

We find the reasoning of the Supreme Court in *Martin* applicable to the instant case and conclude that the court did not err in ruling that the medical bills and expenses were inadmissible under 75 Pa.C.S.A. § 1722 as evidence of pain and suffering. Therefore, the motion *in limine* was properly granted in favor of appellee.

■ The final issue is whether the trial court erred by instructing the jury not to consider appellant's medical expenses when none were introduced into evidence.

When reviewing a claim that the trial court erred in instructing the jury, the scope of appellate review is whether the court committed an abuse of discretion or error of law which controlled the outcome of the case. *Butler v. Kiwi, S.A.*, 412 Pa.Super. 591, 604 A.2d 270 (1992). We review the instructions in their entirety and will not consider individual portions taken out of context. *Id.*

After reviewing the jury instructions as a whole, we find neither an abuse of discretion nor error of law. At trial, appellant presented voluminous testimony concerning his past and future medical treatment. The instruction was intended to prevent the jury from speculating as to, and, perhaps erroneously considering, the cost of such treatment when reaching a verdict. Given the volume of medical testimony,

we find the instruction was not only permissible, but appropriate to avoid potential prejudice against appellee.

Order affirmed.