**Kirk v. The Yellow Cab Co. of Pittsburgh**

C.P. of Allegheny County, no. GD 92-16485.

*Craig L. Fishman,* for plaintiff.
*Vincent Scaglione Jr.,* for defendant.

ORIE MELVIN, *J.,* July 12, 1996—The plaintiff, Eugene P. Kirk, commenced this civil action by filing a writ of summons in September of 1992. Plaintiff then filed his civil complaint in June of 1993 against the Yellow Cab Company and Arthur Hammesfahr, a cab driver, seeking damages for injuries he suffered as a passenger in a cab that was involved in a collision. A jury trial was held before this court in March of 1996. On March 20, 1995, the jury returned a verdict

in favor of the plaintiff as against the defendants in the amount of $12,800. On the verdict slip, the jury indicated that they were awarding $6,400 for pain and suffering and $6,400 for lost wages. The verdict was molded to $6,400 for pain and suffering and $0 for lost wages leaving a total verdict of $6,400. A motion for delay damages was filed on behalf of the plaintiff. After briefs and argument, the verdict was also molded to add $702.33 in delay damages.

The plaintiff filed post-trial motions alleging that this court erred by granting defendants' motion in limine precluding evidence of medical expenses, by improperly admitting the testimony of Dr. Weiss, defendant's expert witness, by allowing cross-examination of the defendant concerning alcohol consumption and intoxication and by improperly molding the verdict. After oral argument and briefs on the issues, this court entered an order denying plaintiff's post-trial motions, and delay damages in the amount of $702.33 were added to the verdict. It is from this order that plaintiff appeals to the Superior Court of Pennsylvania.

This action arose from an incident that occurred while the plaintiff was a passenger in a Yellow Cab Company taxi, driven by Arthur R. Hammesfahr. Plaintiff alleges that the defendant cab driver struck a pedestrian, and the taxi lurched out of control and struck a six inch high curb. Plaintiff Eugene Kirk claims that he was thrown inside the cab and suffered spinal cord compression. Negligence on the part of the cab driver was conceded to by the defendants. Therefore, the jury was left to decide causation, extent of injuries and money damages.

Plaintiff first complains that this court erred in granting defendants' motion in limine precluding plaintiff from admitting evidence of medical expenses. The ap-

plicable law can be found in the Motor Vehicle Financial Responsibility Law at 75 Pa.C.S. §1701 et seq. Specifically, section 1714 states that:

"An owner of a currently registered motor vehicle who does not have financial responsibility . . . cannot recover first party benefits." 75 Pa.C.S. §1714.

It is conceded by the plaintiff that on September 26, 1990, the date of this accident, Mr. Kirk owned an uninsured car registered in Pennsylvania. Clearly, the effect of section 1714 is that plaintiff Kirk cannot recover first party benefits. Next, we look to section 1722, which precludes the proving or recovery of medical expenses and lost wages to the extent of the minimum level of benefits payable under the required benefits section of the MVFRL section 1711. In the case of *Pellot v. D&K Financial Corp.,* 9 D.&C.4th 507 (1991), *affirmed,* 421 Pa. Super. 656, 613 A.2d 34 (1992), the court held that the owner of a registered motor vehicle who has failed to obtain the requisite financial responsibility is precluded from recovering first party benefits by 75 Pa.C.S. §1714, and is precluded by 75 Pa.C.S. §1722, from introducing into evidence or recovering the amount of benefits paid or payable in an action against the third party tort-feasor. More recently, in the case of *Carlson v. Bubash,* 432 Pa. Super. 514, 639 A.2d 458 (1994), the Superior Court held that 75 Pa.C.S. §1722 precluded the plaintiff from introducing evidence of medical expenses for the purpose of showing the extent of pain and suffering. The court reasoned that section 1722 abolished the practice which allowed a plaintiff to recover first party insurance benefits from his insurer as well as special damages from the tort-feasor. Since the amount of money expended on medical treatment and related expenses has no relevance or correlation to the extent of pain and suffering, medical bills and expenses, it is proper to exclude them from the jury's consideration. Likewise, in the present case,

applying sections 1714 and 1722, plaintiff is precluded from proving and/or recovering any amount of medical benefits or income loss within the limits of first party benefits available from defendant Yellow Cab. Since plaintiff's medical bills in this case did not exceed the first party medical benefit limits of Yellow Cab of $25,000, this court properly precluded the plaintiff from offering any amount of medical expenses into evidence.[1]

The second issue that the plaintiff raises is that this court improperly admitted the testimony of the defendant's expert witness, Dr. Weiss, who is an orthopedic surgeon. Plaintiff claims the admission is unfair for procedural violations of local rules of discovery and evidentiary violations based on hearsay. Again, this court does not agree with the plaintiff. The pertinent facts on this issue are that defendant's pretrial statement was due February 17, 1995. The report dated February 20, 1995 was not filed until February 24, 1995. By notice dated February 23, 1995, defendants scheduled the videotaped deposition of Dr. Weiss for March 8, 1995. Plaintiff alleges that the defendants violated local Allegheny County Rule *212 by providing plaintiff's counsel with this doctor's report on the morning of March 8, 1995, the day of the deposition. Plaintiff's counsel argues that plaintiff was prejudiced by defendant's delay in filing his expert report because counsel did not have an adequate opportunity to prepare for the deposition of Dr. Weiss.[2] While plaintiff reargues his point during

---

1. Since the plaintiff proffered evidence, which if believed by the jury could exceed Yellow Cab's $10,000 first party wage loss benefits, the wage loss evidence was admissible and could be molded to the $10,000 limit.

2. The plaintiff should have raised his complaint about the timeliness of the disclosure of the expert report before the deposition of Dr. Weiss was taken. Then, plaintiff could have appeared before

trial before this court, it is undisputed that plaintiff's counsel initially presented a motion to strike expert report and testimony before the calendar control judge, the Honorable Bernard J. McGowan, on March 13, 1995. Plaintiff's counsel, by his own admission, raised the identical argument before Judge McGowan that he now raises before this court. Judge McGowan denied the motion to strike expert report and testimony. Plaintiff is now asking this court to overrule Judge McGowan. Clearly, the decision by Judge McGowan, regardless of whether it granted or denied the motion, is not reviewable by this court since we are a court of concurrent jurisdiction. This trial court has no ability to change Judge McGowan's ruling, and we are bound by it.

As to the plaintiff's allegation that Dr. Weiss' testimony was improperly admitted based on hearsay objections, again there is no error. Dr. Weiss was an expert witness offered by the defense to rebut the plaintiff's claims that his injuries resulted from the cab accident. Hospital records are admissible under the business records exception to the hearsay rule to show the fact of hospitalization, treatment prescribed and symptoms found. Dr. Weiss is permitted to base his expert opinion upon the reports of others which are not in evidence. Based upon the symptoms of Mr. Kirk, his history of alcohol abuse and his blood alcohol at the time of the incident, Dr. Weiss opined that Mr. Kirk's knee ailment was a manifestation of gout rather than an injury related

---

Judge McGowan and postponed the deposition if he needed more time to prepare. Instead, it appears that the plaintiff took his chance on being prepared and now wants to complain that he found out in hindsight that he wasn't as prepared as he could have been had he had more time to review the expert report. He then asked Judge McGowan to strike the report and testimony of the expert witness, and Judge McGowan, in his discretion, denied the motion.

to the accident. Plaintiff's hearsay objection to Dr. Weiss' testimony has no basis. However, if on review, Superior Court does not agree, reversal is not required unless the error is harmful to plaintiff's case. Plaintiff fails to specify what unfair prejudice his client suffered from the admission of Dr. Weiss' testimony.

Thirdly, the plaintiff argues that the court erred in allowing cross-examination of the defendant concerning alcohol consumption and intoxication. Clearly, there was overwhelming evidence that the plaintiff was intoxicated at the time of the accident. Police found him passed out in the back seat of the cab and when tested at the hospital, his blood alcohol was determined to be significantly over the legal limit. It is very relevant to the jury's determination of causation, injury and damages for the jury to know that plaintiff suffers from the symptoms of alcohol abuse. Plaintiff's intoxication at the time of the accident is relevant in determining whether the plaintiff actually witnessed the accident and whether he had the ability to remember it and accurately relate it to the jury. Furthermore, plaintiff made his credibility an issue when he denied his addiction and denied that he was intoxicated on the night of the incident. Clearly the defense should be granted some latitude in challenging plaintiff's credibility by cross-examining him on this issue.

Finally, the plaintiff alleges that this court erred in improperly molding the verdict. Plaintiff contends that this court should have calculated delay damages from the date of the accident, September 22, 1993, until March 21, 1995 on the entire amount awarded by the jury on the original verdict slip. In other words, plaintiff requests delay damages based on the $12,800 amount rather than the $6,400 that the verdict was molded to when the award for lost wages was reduced to zero.

While the plaintiff cites Rule 238 of the Pennsylvania Rules of Civil Procedure for the proposition that he is entitled to delay damages based upon the "jury's verdict," the jury's verdict was molded by the court to appropriately reflect the applicable law.

As noted earlier in this opinion, defendant Yellow Cab had $10,000 in first party benefits coverage available for lost wages arising from a motor vehicle accident for passengers such as the plaintiff. The plaintiff was precluded from recovering first party benefits because he owned an uninsured vehicle registered in Pennsylvania. Plaintiff's lost wages up to an amount of $10,000 were "satisfied" prior to the verdict rendered in this case when the action for first party benefits filed against Yellow Cab in the action at GD 92-16484 was settled and discontinued as of April 18, 1994. In the present case, the jury was asked to place a figure on the lost wages in order to determine if that figure exceeded the $10,000 first party benefit coverage provided by Yellow Cab. Since the figure did not exceed $10,000, the plaintiff was not entitled to any recovery for lost wages, and the verdict was molded accordingly. Furthermore, the verdict was entered by the court on March 20, 1995 and the accident happened on September 22, 1993. Therefore, the following calculations accurately reflect the computation of the delay damages of $702.33:

9/22/93 to 12/31/93:
7% x 100 days/365 days x $6,400 =    $122.74

1/01/94 to 12/31/94:
7% x 365 days/365 days x $6,400 =    $448.00

1/01/95 to 3/20/95:
9.5% x 79 days/365 days x $6,400 =    $131.59

TOTAL $702.33

In arguing that the plaintiff is entitled to delay damages on the entire original jury award of $12,800 and not the molded verdict, the plaintiff's logic breaks down when you consider that the court could have calculated delay damages on the entire amount of the verdict, added the delay damages to the award and then deducted the award for lost wages and the accompanying delay damages. Either way, the result is the same, plaintiff wins an award of $6,400 with delay damages of $702.33.

For the foregoing reasons of fact and law, the post-trial motions were properly denied and the verdict was properly molded to include delay damages.