**Caravella v. Schaffer**

C.P. of Lawrence County, no. 11068 of 2001.

*Charles F. Gilchrest,* for plaintiffs.
*Charles W. Garbett,* for defendant.

MOTTO, *J.,* March 8, 2002—The pertinent facts of this case and the matter before the court can both be adequately rendered by stating the issue posed, "Should preliminary objections to paragraphs of a complaint containing medical expenses arising from an automobile accident be sustained as per 75 Pa.C.S. §1722?"

As part of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1722 precludes recovery for medical

bills arising from an automobile accident but covered by insurance benefits. As to any medical bills in excess of insurance benefits, the law reverts to a more traditional footing, having the negligent parties held liable to injured, pursuing petitioners.

Both sides cite us to *Carlson v. Bubash,* 432 Pa. Super. 514, 639 A.2d 458 (1994). *Carlson* held that covered medical bills as well as being immaterial to recovery, are also not probative as to the amount of pain endured, so these medical bills, in addition to being non-recoverable, are also inadmissible. To this point, all opinions as to the best line to follow are congruent.

Of course, it is when the paths diverge that we, the court, are presented with an issue. These paths diverge not as to the admissibility of the covered medical bills, but whether or not they are fit to be pled in the complaint. Neither side has been able to cite us to a case on point, but the defendant proclaims that as this information is "irrelevant," it ought to be excluded. We disagree.

While *Carlson, supra,* did hold that medical bills are irrelevant as evidence of pain, it did not hold that medical bills are, in every way, immaterial to the case. The allegations of medical expenses document whether the medical expenses have or have not exceeded the coverage. If not pled, how could the court be held accountable to exclude sums not in excess of the coverage, or to allow sums in excess of the coverage? The plaintiffs' purpose in pleading medical bills at this juncture is to document the present status to protect plaintiffs' claims for medical expenses in excess of coverage should later medical bills incurred prior to trial exceed the coverage.

As we so answer, the defendant's preliminary objections will be overruled via our accompanying order of court; however, this does not leave the defendant devoid of other means of protection. As the plaintiffs point out in their brief, the defendant is free to file a motion in limine to seek protection from the introduction of evidence of such expenses at trial to prove pain and suffering or any other purpose the defendant feels would be improper, or otherwise object at trial.

In conclusion, the court finds, as requested by the defendant, that section 1722 of the Pennsylvania Motor Vehicle Financial Responsibility Law precludes a plaintiff from recovering medical expenses which are either paid or payable under first-party insurance coverage, and that evidence of the amount of such medical expenses is not probative or relevant to the issue of pain and suffering and that therefore, evidence of medical expenses paid or payable under first-party coverage, and where the expenses do not exceed coverage, is not admissible at trial; nevertheless, the court finds that plaintiffs may plead such expenses in order to preserve plaintiffs' claims for medical expenses that exceed the amount of coverage available under first-party insurance coverage. Additionally, evidence of the total medical expenses may be necessary at trial in order to prove the amount by which the medical expenses exceed the amount paid or payable under first-party coverage. The admissibility of such medical expenses, therefore, if in dispute, should be raised at trial, or alternatively, prior to trial by motion in limine.

## ORDER

And now March 8, 2002, after consideration of the defendant's preliminary objections to plaintiffs' com-

plaint, and after consideration of the briefs of the parties, and in accordance with the accompanying opinion of even date herewith, it is therefore ordered, adjudged and decreed that the defendant's preliminary objections are overruled and the defendant shall file an answer to plaintiffs' complaint within 20 days of the date of this order.